Frank C. Snedaker & Co., Inc., Appellant, *v.*
Wayne Title and Trust Company.

Argued November 20, 1939.

Before .KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John V. Diggins*, with him *Ballard, Spahr, Andrews & Ingersoll*, for appellant.

*Harold D. Greenwell*, for appellee.

OPINION BY KELLER, P. J., March 18, 1940:

The legal principles which govern this case have been fully discussed in *Fisher v. Stevens Coal Co.*, 136 Pa. Superior Ct. 394, 7 A. 2d 573, and need not be here repeated. Rightly understood they rule this appeal in favor of the appellant and require the reversal of the order appealed from.

The case is not one for interpleader at all. The defendant, The Wayne Title & Trust Company, which

asked for the interpleader issue, for a valuable consideration paid by the plaintiff, entered into a written agreement with plaintiff under which it agreed to guarantee to the plaintiff, payment of $1684 for millwork and stairwork to be furnished by plaintiff, as a sub-contractor, in connection with the erection and completion of a dwelling house being constructed by the contractor, Roberts Construction Company, for the owner, Dr. Stanley J. Miller, payments to be made upon vouchers approved by the architect and owner.

It will be noted therefore that it was, in effect, an insurance contract (*Young v. American Bonding Co.,* 228 Pa. 373, 380, 77 A. 623; See Act of April 29, 1874, P. L. 73, sec. 29, as amended by Act of May 9, 1889, P. L. 159, Clause I, First and Ninth paragraphs); the same kind of a contract that a bonding company, for a premium paid, issues to a contractor or sub-contractor agreeing to guarantee or become surety for the payment of his contract in accordance with the terms and conditions of the contract; or to an owner agreeing to guarantee or become surety for the performance of a contract by a contractor. The plaintiff looked to the individual corporate responsibility of the defendant to see that it was paid, if the contractor did not pay him. It had no individual claim against the owner and had released any right it might have had to file a mechanic's lien or claim against the building. It was a matter of no concern to the plaintiff whether or not the defendant held indemnity against its contractual liability to plaintiff, or who, if anybody, furnished it, or what it was; for the plaintiff had no right to or interest in such indemnity. The defendant could surrender it, if it saw fit to do so and the plaintiff would not be affected one way or the other.

It so happened that Miller, the owner, had requested the defendant trust company "to make certain insurance

---

[1] See Act of July 24, 1913, P. L. 971.

of completion in favor of the mortgagee of said premises and against mechanic's liens," and placed in the defendant's hands certain moneys—or authorized it to hold certain moneys standing to his credit in said trust company—as security or indemnity against loss from making such "insurances of completion and against liens."

Of the funds thus allocated or designated for this purpose, the defendant trust company still has in its hands $1028.12.

The plaintiff brought this action against the defendant, and averred in its statement of claim that it had fully completed its sub-contract and had been paid on account of it all but $614, for which it had not been able to secure a voucher approved by the architect and owner; and it averred that approval of said voucher had capriciously, frivolously and without any just cause or reason been withheld by the architect and owner; and therefore it claimed of the defendant trust company on its contract of insurance or "guaranty", said sum of $614.

The defendant before filing an affidavit of defense asked the court to require the plaintiff and Miller to interplead as to this $614, because Miller, the owner, claims to be entitled to the return of the $1028.12 yet remaining of the fund left by him with the trust company as security or indemnity for its making such "insurances of completion and against liens." Both the plaintiff and Miller filed answers to the rule, denying the defendant's right to have the interpleader issue granted. The court made the rule absolute. The plaintiff appealed.

The plaintiff has no claim whatever against the owner Miller, or against the fund of $1028.12 which the latter left or deposited with the trust company as security or indemnity. If the trust company should fail, Miller might have a claim as a depositor, but plaintiff's claim, if any, would be only as a general creditor, after payment of depositors, on the contract of insurance or

guaranty. It could claim nothing on account of Miller's deposit as indemnity.

It would be different, if, *with the consent of the plaintiff,* this fund had been deposited by Miller with the defendant trust company to distribute it to whoever was entitled to it. Then it would be a case for interpleader. But both plaintiff and Miller deny any such arrangement and defendant does not assert it.

We have, therefore, (1) an insurance contract entered into by defendant trust company with plaintiff for a consideration paid by plaintiff, under which defendant agreed to guarantee to plaintiff the payment of the consideration for a sub-contract entered into by plaintiff with Roberts Construction Company, contractor for a building being erected for Miller the owner; (2) a fund deposited or left with defendant trust company by Miller as indemnity against loss from making that and other insurance contracts for the completion of the building and against liens; (3) an attempt by defendant trust company to escape responsibility on both contracts made by it by requiring the plaintiff and Miller to interplead, although plaintiff claims no rights to Miller's deposit and Miller has no personal responsibility for payment of plaintiff's bill, beyond his agreeing that his deposit shall be held to indemnify defendant against loss on its insurance contracts. Miller might have given defendant company his personal bond as indemnity, or shares of stock, or corporate bonds, or the individual indemnity of a third person, in all of which cases, the defendant trust company would not have considered an interpleader. The fact that the indemnity took the form of a deposit of money makes no difference.

Defendant trust company made two separate and distinct contracts, one with plaintiff, the other with Miller. They are not interrelated, though the same subject matter is involved in both; but the defendant company cannot escape its responsibility as an insurer, for which

it was paid a premium, by averring its willingness to pay into court a fund given by Miller only as indemnity, and calling upon the plaintiff whom it had insured and Miller who was its indemnitor to fight it out between them. That would be a new way for surety and bonding companies to escape their individual responsibility on their contracts.

The authorities cited in *Fisher v. Stevens Coal Co.*, supra, pp. 400 to 406 and 409 to 411, rule the case against the defendant's right to ask for an interpleader.

The motion to quash is overruled. The order of the court below is reversed and the record is ordered remitted to the court below with directions to discharge the rule for an interpleader at the cost of the Wayne Title and Trust Company, appellee.