Snedaker & Co., Inc., *v.* Wayne Title & Trust Company (et al., Appellants).

Argued March 11, 1941.

Before KELLER, P. J.,

CUNNINGHAM, STADTFELD, RHODES and HIRT, JJ.

*Samuel Lichtenfeld,* with him *Archie Levy,* for appellants.

*Blair N. Reiley, Jr.,* with him *Harold D. Greenwell,* for appellee.

OPINION BY KELLER, P. J., June 30, 1941:

This is an instance where legal procedure intended to simplify and expedite litigation has been used to complicate and delay it.

The action was a simple one in assumpsit, (brought March 11, 1938, writ served on defendant with a copy of plaintiff's statement on March 18, 1938), on a written contract, in the nature of an insurance contract, under which the defendant became surety to the plaintiff, a sub-contractor, for the payment of the agreed contract price by the general contractor, who was building a house for one Stanley J. Miller and his wife. The plaintiff had executed a release of mechanics' liens to the owners, the Millers, and had no possible claim whatever against them; but the latter are alleged to have deposited a fund with the defendant to indemnify it against loss on said insurance or surety contract. There was no reason why the case should not have been promptly tried; and if the plaintiff was successful the

defendant could then have reimbursed itself for any moneys paid by reason of its contract of insurance or surety out of the fund left in its hands for that purpose. Certainly the issues could have been tried and disposed of long before the expiration of the more than three years that have elapsed without any substantial progress towards a trial. But in an endeavor to find a short cut, defendant's attorneys have resorted first to one unwarranted proceeding and then to another, and pending the disposition of these unwarranted and unnecessary proceedings have induced the court below to hold up the trial, so that now it is no farther advanced than when it was begun. This delay was wholly unjustified; and as the order appealed from will be reversed, we shall expect a prompt and speedy disposition of the case by a trial, without further complications or proceedings looking to further delay.

(1) The first dilatory action on the part of the defendant was a rule on the plaintiff and its indemnitors to interplead; although there was no money or property in the hands of defendant claimed by both parties. By this method defendant sought to escape the contractual responsibility to the plaintiff which, for a valuable consideration paid it, it had assumed; and also to escape its liability as a bailee to the Millers for the fund deposited by them with it as indemnitors. The plaintiff had no claim and made no claim against that fund. It sought a general money judgment against the defendant, and its rights could not be affected one jot whether there was such a fund or not, or whether the defendant had indemnity on its contract or not. Both the plaintiff and the indemnitors appeared by their attorneys to the rule to show cause why they should not interplead and objected to the proposed interpleader. Nevertheless the rule was made absolute and they were ordered to interplead. Plaintiff appealed to this court and we reversed, March 18, 1940. See *Frank C. Snedaker & Co.,*

*Inc. v. Wayne Title & Trust Co.,* 139 Pa. Superior Ct. 381, 11 A. 2d 776.

(2) Rule 243 of the Court of Common Pleas of Delaware County provides that the defendant must file a praecipe for writ of scire facias to join additional defendants under the Act of April 10, 1929, P. L. 479, and its amendments, within sixty days after the service of the statement of claim, "unless the time be extended by the court". This was in accord with the ruling of the Supreme Court in *Carroll v. Quaker City Cabs, Inc.,* 308 Pa. 345, 349-350, 162 A. 258, which held that a rule of court limiting the issuance of such writs of scire facias to thirty days after service of the statement of claim was unreasonable, stating "that sixty days should be prescribed in such cases subject to extension by the court *for cause shown.*" (Italics added). The phrase 'unless the time be extended by the court' is usually held to refer to an extension applied for *before* the expiration of the time limited, (*West Susquehanna B. & L. Assn. v. Sinclair,* 124 Pa. Superior Ct. 133, 135, 188 A. 371: *Exporters of Mfrs. Products, Inc. v. Butterworth-Judson Co.,* 258 U. S. 365; *O'Connell v. United States,* 253 U. S. 142; *United States v. Fierman,* 13 F. Supp. 774 (D. C. M. D. Pa.). We recognize that appellate courts will adopt the lower court's interpretation of its own rules unless clearly erroneous; but, in view of the stress laid by our Supreme Court in its decisions construing the Act of April 10, 1929, P L. 479, and its amendments, on the purpose of the statute to simplify and expedite the trial of cases (see *Vinnacombe v. Phila. et al.,* 297 Pa. 564, 147 A. 826; *First Nat. Bank of Pittsburgh v. Baird,* 300 Pa. 92, 150 A. 165; *Carroll v. Quaker City Cabs, Inc.,* supra), we have no hesitation in holding that an interpretation which permits the issuance of a scire facias to bring in additional defendants more than *two years* after service of the statement of claim is clearly unreasonable and erroneous, and if promptly objected to will be reversed.

Nevertheless, although the plaintiff had and could have no claim or demand whatever against the Millers, either as owners or indemnitors, the defendant on May 17, 1940 asked the court to extend the time within which to sci. fa. the indemnitors as additional defendants, claiming the right to do so under the amendatory Act of June 25, 1937, P. L. 2118, apparently overlooking that that act expressly provided that "the plaintiff shall not be prejudiced or unnecessarily delayed by reason of questions between the defendant and the additional defendants in which he is not concerned, and such orders shall be given and terms imposed by the court as may be necessary to prevent delay of the plaintiff, where it can be done without injustice to the defendant and additional defendants"[1]; and the liability, if any, of the indemnitors to the defendant could be determined just as well, if not better, after the main issue between plaintiff and defendant was decided.

Against the protest, objection and answer of the plaintiff the rule for such extension was made absolute. Thereupon a praecipe was filed by the original defendant for a writ of scire facias naming Stanley J. Miller and Miriam L. Miller, his wife, as additional defendants, and the writ was delivered to the Sheriff of Delaware County for service upon them with a copy of the statement of reasons in support of the writ, notifying them

---

[1] Even before the Act of 1937, supra, the Supreme Court had said in *Vinnacombe v. Phila. et al.*, 297 Pa. 564, 569, 147 A. 826 "Nothing in the act [the Scire Facias Act of April 10, 1929, P. L. 479] shows the slightest intention to affect the plaintiffs in such suits"; and in *First Nat. Bank of Pittsburgh v. Baird*, 300 Pa. 92, 150 A. 165, the Supreme Court criticized dilatory practices affecting the plaintiff's rights, and held that notwithstanding the pendency of proceedings under the Act of April 10, 1929, supra, plaintiff was entitled to judgment for want of an affidavit of defense if none was filed within the time prescribed by law or by an extension thereof allowed by the court.

that they were required to enter an appearance within fifteen days thereafter and file an answer, etc.

The sheriff made return as follows:

"Made known to Stanley J. Miller and Miriam L. Miller, his wife, within named additional Defendants, November 4, 1940, at 10:00 A.M., by handing a true and attested copy of the within writ for each of them, together with copy of Defendant's Statement of Reasons in Support of Sci. Fa. to Join Additional Defendants, to Archie Levy, personally, as Attorney for the Defendants, at his place of business in Chester, Penna., and making known the contents thereof."

Promptly thereafter, to wit, November 15, 1940, the additional defendants, who are not residents of Delaware County and were not personally served within the County, moved the court to set aside the service of the scire facias bringing them in as additional defendants and the return of service thereof, for the reason that it was not served upon them but upon Archie Levy, Esq., as their attorney, and was not in accordance with the Act of Assembly pertaining thereto. It will be noted that service had not been *accepted* by Archie Levy, as attorney for the additional defendants, and return was not so made.

The court entered an order dismissing the motion and refusing to set aside the service of the writ and the return and directing them to file an answer, and within fifteen days thereafter (Act of March 5, 1925, P. L. 23) the said Stanley J. Miller and Miriam L. Miller appealed to this court raising the question of the court's jurisdiction over them in said action of assumpsit. The order will be reversed.

The writ of scire facias provided for by the Act of April 10, 1929 and its amendments is, as respects the additional defendants, an original writ bringing them in as additional parties defendant, and is to be served in the same manner and with the same effect as the original writ of summons or the writ of scire facias in

personal actions. This was implicit in the Act of 1929, but is specifically provided for in the amendments of May 18, 1933, P. L. 807 and June 25, 1937, P. L. 2118.

Neither the Act of July 9, 1901, P. L. 614, nor any of its amendments, provides for service of the writ of summons, or the writ of scire facias in personal actions, upon a defendant by handing a true and attested copy thereof to his *attorney,* either personally or at his dwelling house or place of business. Provision is made (Section 1, fourteenth paragraph) that the defendant may *accept service* "in person or by counsel, with the same effect as if personally served therewith by the sheriff"; but in this case there was no *acceptance of service* by defendants or counsel.

Justification is attempted to be made for this departure from the Scire Facias Acts of 1933 and 1937 and the Service of Process Act of July 9, 1901, supra, by the fact that Archie Levy had appeared as attorney for the Millers to the rule obtained by the defendant upon the plaintiff and the Millers to show cause why they should not be required to interplead, and had filed an answer on their behalf objecting to the interpleader, and this appearance had never been withdrawn. The answer to this position is that their appearance was entered to the *rule for an interpleader* and not to the *action of assumpsit* brought by the plaintiff against the defendant. The appearance to that rule did not make them parties to the original action, with which they were not concerned, for the plaintiff had no cause of action against them. If their appearance made them parties defendant to the original action, then no scire facias to bring them in as additional defendants could issue against them: *Shapiro v. Phila.,* 306 Pa. 216, 159 A. 29. But it did not. The learned court below inadvertently overlooked the ancillary nature of the Pennsylvania motion and rule for an interpleader secured by a defendant in an action at law, where two or more persons

claim money or property in his hands to which he disclaims all interest.

Interpleader is essentially an *equitable* remedy. Prior to the Act of 1 and 2 William IV, c. 58, (1830-31) there was in England no interpleader in *law*, as distinguished from *equity*, except in actions of detinue (*Russell v. Church*, 65 Pa. 9, 15). The defendant's remedy was by bill in equity brought by him against the rival claimants for an interpleader. When our ancestors came to Pennsylvania, where courts of equity were not established by law, the judges of the colony and the Commonwealth, with a wisdom far in advance of the times, administered equitable principles in common law actions and under common law forms, and secured the benefit of the equitable remedy of interpleader by a writ of scire facias, or motion and rule, introduced as ancillary to the common law action; and the scire facias or motion and rule thus became a *substitute* for the bill in equity over which our courts then had no separate jurisdiction. The subject was discussed by us at some length in *Fisher v. Stevens Coal Co.*, 136 Pa. Superior Ct. 394, 397-400, 7 A. 2d 573; *Clarke & Cohen v. Real*, 105 Pa. Superior Ct. 102, 109, 159 A. 454. But the scire facias or motion and rule was no more a *part* of the *original action* than the bill in equity for an interpleader was a part of the original action in England. A claimant who is brought into the interpleader by motion and rule or scire facias does not become a party to the original action. If the rule is made absolute he becomes a party to the interpleader issue, which may be given a separate number and term, or for convenience may be tried under the same number and term as the original action. But, strictly, it is not a part of the original action, and an appearance in the one does not thereby become an appearance in the other. Where different issues are involved in newly established proceedings, separate controversies may be adjudged separately and have no effect on each other. See *First National Bank of Pittsburgh*

*v. Baird,* 300 Pa. 92, 96-97, 150 A. 165; *Bailey v. C. Lewis Lavine, Inc.,* 302 Pa. 273, 153 A. 422. Interpleader must not be confused with intervention. Judge PARKER (now a Justice of the Supreme Court), while a member of this Court, distinguished between them in the case of *Tonkonogy v. Levin,* 106 Pa. Superior Ct. 448, 451, 162 A. 315. One who, on his own application, is permitted to *intervene* in an action becomes a party to it. But one who is required to interplead becomes a party only to the interpleader issue which results from the order directing the interpleader, and does not thereby become a party to the original action, even though the interpleader issue be tried under the same number and term. The motion and rule for an interpleader is only a substitute for the interpleader bill in equity and appearance to it does not make one a party to the action any more than an appearance to the bill in equity would do so.

The order of the court below is reversed and the service of the writ of scire facias on the appellants and the sheriff's return to said writ are set aside.