# Bard v. Karlip

*John W. Beyer*, for plaintiff.

*F. Lyman Windolph*, for defendant.

WISSLER, J., August 23, 1946.—This case comes before the court upon a petition for an interpleader.

Plaintiffs, George W. Bard and Richard H. Bard, trading and doing business as George W. Bard & Son, real estate brokers, filed a statement of claim alleging that on or about May 5, 1945, defendant, Abe Karlip, orally engaged plaintiffs to sell for defendant certain real estate situated in Lancaster Township, Lancaster County, Pa., numbered 1210 Columbia Avenue, in which defendant had an equitable ownership, for $48,000 and agreed to pay them a commission of 5 percent on the first $10,000, and 3 percent on that portion of the sale price that exceeded $10,-000; that on or about May 11, 1945, defendant orally contracted with plaintiffs to have a special sign made for the aforesaid premises notifying the general public that it was for sale, and for certain advertisement of the property in the local newspapers, at the expense of plaintiffs, for which defendant agreed to pay plaintiffs the full commission, as set forth above, if they produced a buyer for the aforesaid premises, and if the premises were sold through the efforts of any other broker, to pay to plaintiffs that portion of the commission to which they would be entitled under the rules and regulations of the Lancaster Real Estate Board, of which plaintiffs are members; that under the rules and regulations of said real estate board the listing real estate broker receives one half of the commission if the real estate is sold by a broker who is not a member of the real estate board; that on or about July 20, 1945, the said premises were sold by Owen B. Caldwell, a real estate broker not a member of the real estate board, for the sum of $37,-000, and pursuant thereto defendant conveyed said real estate to Harry H. Wiggins and Marguerite A. Wiggins by deed dated October 22, 1945, which deed has since been recorded but not yet transcribed; and by virtue of said sale defendant became indebted to plaintiffs in the sum of $655.

After service of this statement of claim, defendant filed a petition for interpleader praying that Owen B. Caldwell, a real estate broker, and plaintiffs be ordered to interplead. Defendant's petition alleges that Owen B. Caldwell, who is not a party to this action, has made a claim upon petitioner which is inconsistent with the cause of action asserted against him by plaintiffs, and which may expose him to double or multiple liability to plaintiffs and to the said Owen B. Caldwell. The demand made upon petitioner by the said Owen B. Caldwell is for the sum of $1,310, representing the whole of the real estate commission. The petitioner further alleges that he has no interest in the sum of $1,310, in controversy, and is willing and able to pay said sum into the court, and further that petitioner has not admitted the claim of, or subjected himself to, independent liability to plaintiffs or to claimant in respect to the subject matter of the action. It might be noted here that according to the testimony offered in this case the claim of Owen B. Caldwell for commission arises out of a written agreement of sale negotiated by him between defendant and purchasers.

Plaintiffs filed an answer and an amended answer to defendant's petition in which, inter alia, it was denied that their claim for commission in the sum of $655 was inconsistent with the demand made by Owen B. Caldwell for a real estate commission of $1,310, and alleged that Owen B. Caldwell and plaintiffs were not parties to the same contract, and further denied that petitioner has not admitted the claim or subjected himself to independent liability to plaintiffs or claimant in respect to the subject matter of the action.

This raises the question: Is defendant entitled to a rule for interpleader claimed under Pennsylvania Rules of Civil Procedure, where two real estate brokers claim a commission on separate contracts for the same sale?

The subject matter involved is controlled by the pertinent provision of Pa. R. C. P. 2303(a), which provides:

"(a) The petition for interpleader shall allege (1) that a claimant not a party of record has made or is expected to make a demand upon the defendant as a result of which the defendant is or may be exposed to double or multiple liability to the plaintiff and to such claimant as to all or any part of the claim asserted by the plaintiff."

In Goodrich-Amram Commentary, Rule 2303(a)—4, as to separate liability distinguished from multiple liability, it is stated:

"Interpleader is allowed because a defendant is besieged by claims, only one of which can be meritorious. If the facts are such that the defendant may be liable to each claimant and that recovery by one claimant will not preclude recovery by the other claimant no interpleader can be allowed."

Applying the aforesaid rule and commentary to the case at bar, the question narrows itself down to the contractual relationship of the parties. The principle of interpleader was fully discussed by the late President Judge Keller in Fisher v. Stevens Coal Co. et al., 136 Pa. Superior Ct. 394, 410 (1939) where, after speaking of the application of the general rule, he said:

"Where a different situation is presented, by reason of the fact that the party asking for the interpleader has incurred an independent liability to either of the claimants or has expressly acknowledged the right of one of them, or has by contract made himself liable in any event to one or the other, and he does not stand indifferent between them, but has a contest of his own with the several claimants, an interpleader should not be ordered, and if it is improperly ordered in such circumstances, it will be reversed on appeal:" . . .

This same principle is borne out in Frank C. Snedaker & Co., Inc. v. Wayne Title & Trust Co., 139 Pa. Superior Ct. 381 (1940).

Does then the situation presented by the instant case of two brokers, each relying on a separate contract, the one written and the other oral, come within the rule stated in Fisher v. Stevens Coal Co. et al., and Goodrich-Amram Commentary, supra? This court feels it does, and this view finds support in the case of Fronefield v. The Pennsylvania Co. for Insurances on Lives, etc., Trustee, 32 Del. Co. 283 (1943), Leach et al. v. Brothers et al., 44 D. & C. 438 (1941), and the recent case of Lannon v. Church of the Holy Apostles, 55 D. & C. 94 (1945). Nor is this view in conflict with Clyde v. First National Bank of Chester, 54 D. & C. 514 (1945), in which the cases of Fronefield and Leach were distinguished because in these cases both claims arose from direct contractual relations with defendant.

On the record before the court, if plaintiffs' allegations are sustained upon trial of the case, defendant conceivably may be required to pay them upon the contract set out in their statement of claim, and also pay the independent obligation to the broker, Owen B. Caldwell. But this is not subjecting defendant to double or multiple liability, since he has made separate and independent contracts, as was held in Fisher v. Stevens Coal Co. et al., and Lannon v. Church of the Holy Apostles, supra. The object of an interpleader is not to protect a party against separate liability arising out of two or more contracts, but against vexatious litigation and multiple liability arising out of a common asserted claim of more than one party.

And now, August 23, 1946, upon consideration of the petition for interpleader filed by defendant, it is ordered that the petition for interpleader be dismissed, and defendant is directed to file an affidavit of defense within 15 days upon the receipt of notice hereof.