422 A.2d 1159

**Joseph DeLUCA, Appellant,**

v.

**The FIDELITY BANK**

v.

**Mary DeLUCA.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1980.

Filed Dec. 1, 1980.

Anthony Meglio, Philadelphia, for appellant.

Sheryl L. Auerbach, Philadelphia, for Fidelity Bank, appellee.

Robert Ruzzi, Philadelphia, for Mary DeLuca, appellee.

Before BROSKY, WATKINS, and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas, Civil Division, of Philadelphia County by the appellant, Joseph DeLuca, that discharged The Fidelity Bank from all liability with respect to the $10,627.00 paid into the court as the result of an interpleader petition.

The husband and wife, Giuseppe and Mary DeLuca, had deposited $10,000 in The Fidelity Bank on a savings certificate dated June 3, 1977 and maturing on June 3, 1978, bearing 6% interest. The contract was entered into jointly with the designation of Giuseppe (Joseph) DeLuca or Mary DeLuca. This was treated by the bank as a joint ownership with either party privileged to withdraw the funds. The interest was to be paid at the rate of 6% compounded daily to the date of maturity.

Prior to maturity and on the maturity date, the appellant presented the certificate which was in his possession to the bank for payment of the $10,000 plus the interest. The bank refused to honor the appellant's request on the ground that the wife had written a letter to the bank on December 16,

1977 requesting that no withdrawals be permitted without both signatures. On April 21, 1978, the bank received a letter from Robert Ruzzi, the wife's attorney, requesting that the fund not be released without both signatures. Husband and wife refused to sign jointly.

On April 16, 1979, the bank filed a motion for interpleader requesting that the wife be interpleaded to the action. The court ordered the bank to pay into the court the sum of $10,000, the principal, and the interest due from June 3, 1977 to June 3, 1978. The bank complied with the order and paid into court the sum of $10,627. The bank then filed the present petition seeking discharge of further liability and an allowance of costs incurred by it in the interpleader action.

We do not have to decide the question concerning the ownership of the fund. This will be decided in litigation in the equity action brought by the wife against the husband. The fund has been paid into court and is available upon the decision in that action.

The court properly discharged the bank from all further liability. See *Rule 2303, Pennsylvania Rules of Civil Procedure.* The bank in face of the claims of husband and wife was placed in the position of possible double liability if they accepted the claim. See *42 P.S. Sec. 2307* of the *Pennsylvania Rules of Civil Procedure.*

The bank was legally obliged to honor the request of the customer in whose name the account was held. The husband had possession of the certificate which had been issued to "Mary DeLuca or Giuseppe DeLuca". Pursuant to the provision of *Section 3–116(a)* of the Uniform Commercial Code, *12A P.S. Para. 3–116(a)*, such an instrument would be payable to either party and could be negotiated by whichever party had possession. The bank contends that the letters it received from the wife and her attorney demanding that the funds not be released to the husband modified the original contract between the bank and the DeLucas. The bank claims that the instrument could only be paid on the receipt of both signatures.

We do not have to decide whether the letters in fact and law modified the contract of deposit. This will be decided in the equity action between the parties. But it is true that once the bank received notice of the conflict between the parties, it was well within its legal rights, pursuant to *7 P.S. Para. 606(a)(ii)* of the Banking Code in refusing to honor the husband's demand for payment as otherwise there existed the possibility of double liability.

■ The husband's argument that he is entitled to additional interest is without merit. The certificate stated that "Interest shall be compounded daily at the annual rate of 6% and paid at maturity; no interest shall accrue thereafter. Issue date: June 3, 1977; Maturity: 12 months after date (not less than twelve)."

*7 P.S. 606* provides that absent a court order or indemnity bond a stakeholder–bank has the option to avoid the potential of multiple exposure and to hold (i. e.–not to pay out) contested funds until one of the claimants commences suit.

At that point the stakeholder–bank can receive a discharge by interpleading the subject fund into the registry of the court. This procedure was followed by the bank so that in the face of the deposit contract, it is not subject to interest penalty being awarded against it. See, *Powers v. Metropolitan Life Insurance Co., et al.,* 439 F.2d 605, 608 (D.C.Cir.1971). See also, *Frank C. Snedaker & Co. v. Wayne Title and Trust Co.,* 145 Pa.Super. 65, 72, 20 A.2d 819, 823 (1941); *Kohanski v. First National Bank of Nanticoke,* 53 Pa.D. & C. 529 (1945).

■ The appellant also claims that the bank was wrongfully discharged because the court did not take evidence on the request for punitive damage relief which was first raised in his reply to new matter. He neither requested penalty nor punitive damages in his complaint nor set forth facts which would support a prayer for such relief. The court below in its opinion does not discuss the matter. No punitive damages can be recovered on a breach of contract claim. *Hoy v. Gronoble,* 34 Pa. 9, 75 Am.Dec. 628 (1859). See *Restatement of Contracts,* Para. 342.

The court exercising its discretionary powers refused the petition of the bank for the allowance of costs incurred by the interpleader. The bank did not appeal.

Order affirmed.