## First National Bank of
## Lancaster County v. Lefever

*Marshall M. Cohen,* for plaintiff.
*Thomas G. Klingensmith,* for defendant.

MUELLER, *J.*, October 11, 1983—This is an action for declaratory judgment commenced on August 6, 1981. It arises from an ongoing California divorce action between two of the defendants, Paul Richard Lefever and Joyce Adrianne Lefever, and involves certain assets of the defendant Paul Richard Lefever which were then on deposit with plaintiff, The First National Bank of Lancaster County. Defendants Paul R. Lefever and Verna M. Williams have filed preliminary objections which are presently before this court.

On February 3, 1983, defendant Paul Richard Lefever purchased at plaintiff a certificate of deposit in his own name naming his mother, defendant Verna M. Williams, as power of attorney. On or

about March 11, 1981, defendant Paul Richard Lefever opened a checking account at plaintiff. A trial in the divorce action of defendants Paul Richard Lefever and Joyce Adrianne Lefever was scheduled on March 7, 1980 in California (Complaint, Paragraph 6). The parties reconciled for a time, but eventually separated and divorce proceedings were once again begun. On or about May 26, 1981, plaintiff received from defendant Joyce Adrianne Lefever's California attorney a copy of an Order of the Superior Court of California, San Diego County, dated May 22, 1981 (Complaint, Exhibit B). The order restrained defendant Paul Richard Lefever from disposing of any funds in his name at plaintiff. Defendant Joyce Adrianne Lefever's attorney requested that plaintiff honor the California order and not release any funds to defendant Paul Richard Lefever.

As a result of demands by defendants Paul Richard Lefever and Verna M. Williams that plaintiff release the funds on deposit in Paul Richard Lefever's name, the Bank filed this action seeking a declaratory judgment. Plaintiff requests an order directing it to pay all the funds it holds in the name of defendant Paul Richard Lefever into court, and asks this court to award it attorneys' fees. Defendant Paul Richard Lefever cashed the Certificate of Deposit on April 1, 1982. Thus this action apparently now concerns only the checking account, which as of October 21, 1981 contained $1,047.70 plus accrued interest of $21.10, and a statement savings account which as of October 6, 1981 contained $14.30 (Interrogatories to plaintiff filed October 21, 1981).

Defendants Paul Richard Lefever and Verna M. Williams filed preliminary objections on August 31, 1981. It is these preliminary objections which are presently before this court. Defendants Paul Rich-

ard Lefever and Verna M. Williams contend that plaintiff has a clear obligation to pay defendant Paul Richard Lefever the funds he has deposited. Further, they argue that the California Court has not issued and cannot issue any order prohibiting plaintiff from paying these funds to defendant Paul Richard Lefever. Finally, defendants Paul Richard Lefever and Verna M. Williams contend that plaintiff has proceeded improperly by mistaking procedure under the Declaratory Judgments Act, 42 Pa. C.S.A. §7531, et seq., with the proceeding of Interpleader. The court sustains the first and second preliminary objections in the form of demurrers and dismisses the third preliminary objection.

In their first preliminary objection defendants Paul Richard Lefever and Verna M. Williams contend that the Banking Code of 1965, 7 P.S. §606(a)(1), requires plaintiff to release the funds it holds in defendant Paul Richard Lefever's name. Section 606(a) of the Banking Code, which the court is satisfied applies to a national bank, states that a banking institution will not be required to recognize any claim to any deposits it holds other than that of "the customer in whose name the account or property is held by the institution . . . ." Further the Code states at subsection (b), 7 P.S. §606:

(b) To require an institution to recognize an adverse claim to, or adverse claim of authority to control, a deposit account or property held in safe deposit, whoever makes the claim must either:

(i) Obtain and serve on the institution an appropriate order directed to the institution by a court restraining any action with respect to the account or property until further order of such court . . . or

(ii) Deliver to the institution a bond . . . indemnifying the institution against any liability, loss or expense which it might incur because of its recognition of the adverse claim . . . .

Neither of these requirements have been met in the instant case. The order of the Superior Court of California of May 22, 1981 states "Respondent is restrained and enjoined from transferring, encumbering . . . or disposing of any funds in the following bank accounts . . . ." The order speaks only to respondent, defendant Paul Richard Lefever, not to plaintiff. Nor has this court been presented with any evidence that a bond has been entered by defendant Joyce Adrianne Lefever. Although there is some question as to whether the Banking Code of 1965, Chapter 6, is applicable to certificates of deposit, the court need not decide this matter in that the certificate of deposit at issue here has been cashed. Thus the court sustains the first preliminary objection.

The second preliminary objection alleges the foreign court issued an order restraining defendant Paul Richard Lefever from withdrawing the funds on deposit with the plaintiff, but has not and cannot prohibit the plaintiff from paying these funds to defendant Paul Richard Lefever. Plaintiff contends that the holding of DeLuca v. The Fidelity Bank, 282 Pa. Super. 365, 422 A.2d 1159, (1980), controls the outcome of this case. In DeLuca, a husband and wife jointly deposited $10,000 in a savings certificate with a bank. Marital difficulties developed, and on the date of maturity the husband presented the certificate for payment. The bank refused to honor the husband's request on the ground that the wife and her attorney had written letters asking that the bank not permit any withdrawal without the signatures of both the husband and wife. The bank then filed a motion for interpleader in the husband's suit against it asking that the wife be interpleaded to the action and that the bank be permitted to pay the funds into court. The court found this to be the proper procedure, in that were the bank to pay the

218

husband, it would be exposing itself to the possibility of double liability. In this case, however, there is no joint account. The accounts at issue were opened by defendant Paul Richard Lefever in his own name only, and with his mother, defendant Verna M. Williams, as power of attorney. This court believes the holding of DeLuca is not controlling and will sustain the second preliminary objection in the nature of a demurrer.

As regards the third preliminary objection which claims plaintiff has confused the proceedings under the Declaratory Judgments Act with the proceeding of Interpleader, this court finds that plaintiff has properly proceeded under the Declaratory Judgments Act and dismisses the third preliminary objection.

## ORDER

And now, October 11, 1983, the court sustains the first and second preliminary objections in the nature of demurrers. The third preliminary objection is dismissed.