## Dallastown Borough v. Pennsylvania National Mutual Casualty Insurance Co.

*Steven D. Snyder,* for plaintiff.

*Vincent Candiello,* for defendant.

CASSIMATIS, *J.,* August 6, 1992—This matter is before the court pursuant to the preliminary objections of the defendant, Pennsylvania National Mutual Casualty Insurance Co. to the complaint of the plaintiff, Dallastown Borough. The preliminary objections are brought in the nature of a motion to strike, a motion for more specific pleading and a demurrer pursuant to Pa.R.C.P. 1017 and 1028.

This case was instituted on May 31, 1990, by praecipe for writ of summons. The prothonotary subsequently issued a summons and it was served by the sheriff of York County on June 11, 1990. The complaint in this action was filed on June 20, 1991. In its complaint, the plaintiff avers three separate causes of action against the defendant. In Count One, the plaintiff alleges that the defendant breached the applicable comprehensive general liability and comprehensive extended liability policy. In Count Two, the plaintiff alleges that the defendant breached the applicable public official's and employee's liability policy. In Count Three of the complaint, the plaintiff alleges that the defendant's conduct with respect to both policies constitutes bad faith.

According to the complaint, this litigation arises out of a written contract of insurance, Policy No. 219007735-06, which was issued by the defendant to the plaintiff with a policy period from September 9, 1985, to September 9, 1986. The types of policies provided were a comprehensive general liability policy with comprehensive extended liability coverage and a public official's and employee's liability policy.

On or about January 24, 1986, a civil action was instituted against the Dallastown Borough and several in-

dividually named defendants in the Court of Common Pleas of York County, Pennsylvania, by four former police officers of the borough, namely William C. Donivan, Bradley J. Gohn, Kenneth L. Adams and Richard K. Trout (hereafter the *Donivan* suit). On or about January 27, 1986, the borough and the individual defendants were served with copies of the complaint filed in the *Donivan* suit. Thereafter, on February 13, 1986, Penn National acknowledged receipt of a copy of the *Donivan* suit. According to the complaint filed in that suit, the officers' collective bargaining agreement with the borough was not renewed by the borough in retaliation against the officers because two of the officers provided true but unfavorable testimony against the borough in an unrelated civil suit.

Following the commencement of the *Donivan* suit, the borough and the individual defendants retained counsel, who removed the *Donivan* suit from state court to the U.S. District Court for the Middle District of Pennsylvania where it was given a new docket number of CV-86-0277. Consistent with its duty to defend under the provisions of the CGL coverage, Penn National retained Thomas E. Brenner, Esquire, of the law firm of Goldberg, Katzman & Shipman on or about May 1, 1986. On May 16, 1986, Mr. Brenner entered his appearance as co-counsel in the *Donivan* suit on behalf of the borough and the individual defendants. (Mr. Brenner would later, on December 8, 1986, withdraw his appearance on behalf of all of the defendants.)

On September 29, 1986, U.S. District Judge Sylvia H. Rambo partially dismissed a number of alleged and unalleged claims asserted in the *Donivan* suit. A jury trial was conducted by Judge Rambo, which resulted in

a mistrial on November 3, 1988. On September 7, 1989, the parties to the *Donivan* suit arrived at a settlement which obligated the borough to pay $325,000 to the *Donivan* suit plaintiffs.

Following the conclusion of the *Donivan* suit, the plaintiff in the case at bar sought coverage for costs and legal fees incurred under the policies issued by the defendant, which ultimately determined that the policies did not provide coverage. Seeking indemnification from the defendant for the settlement sum and for legal fees, the plaintiff initiated the present lawsuit. On August 23, 1991, the defendant filed preliminary objections to the complaint of the plaintiff.

## MOTION TO STRIKE

The defendant first argues that subparagraph (c) of the ad damnum clauses set forth in Count One and Count Two must be stricken because a claim for delay damages is not recognized in a breach of contract action.[1]

Pennsylvania Rule of Civil Procedure 1017(b)(2) permits a motion to strike for the purpose of preliminarily

---

1. The ad damnum clause referred to in Count One reads as follows:

"Wherefore, the borough demands judgment against Penn National as follows:

"(a) An amount in excess of $632,500 for costs, attorneys' fees and settlement of the *Donivan* suit;

"(b) Prejudgment interest in an amount measured from the various dates the borough paid the component parts of the sum stated in (a) above;

"(c) Delay damages for Penn National's failure to pay the sum stated in (a) above; and

"(d) Such other and further relief which the court finds appropriate."

objecting to a pleading on the following two grounds: (1) lack of conformity to law or rule of court and (2) the inclusion of scandalous or impertinent matter.

"Facts not material to an issue are impertinent. *Berkebile v. Nationwide Insurance Co.,* 6 D.&C.3d 243 (1977).... Likewise, an allegation of damages which are not legally recoverable in a cause is impertinent in that it is not relevant to the cause of action, and can justify a motion to strike. *Hudock et al. Appellants v. Donegal Mutual Insurance Co.,* 438 Pa. 272, 264 A.2d 668 (1970).... Furthermore, a preliminary objection in the nature of a motion to strike off a pleading should be overruled unless a party can affirmatively show prejudice. The right to strike impertinent matter should be sparingly exercised; where the matter is impertinent but not injurious, it need not be stricken. *Goehring v. Harleysville Mutual Casualty Co.,* 73 D.&C.2d 784 (1976). Impertinent matter may be treated as mere surplusage and ignored." *Goodrich-Amram* 2d §1017(b):16, *motion to strike off pleading because of inclusion of impertinent matter.*

---

The ad damnum clause referred to in Count Two reads as follows:

"Wherefore, the borough demands judgment against Penn National as follows:

"(a) An amount in excess of $632,500 as indemnification for the costs, attorneys' fees and settlement sum paid by the borough for the *Donivan* suit;

"(b) Prejudgment interest in an amount measured from the various dates the borough paid the component parts of the sum stated in (a) above;

"(c) Delay damages for Penn National's failure and refusal to pay the sum stated in (a) above; and

"(d) Such other and further relief the court finds appropriate."

Pennsylvania Rule of Civil Procedure 238 reads, in pertinent part, as follows:

"Rule 238. *Damages for Delay in Actions for Bodily Injury, Death or Property Damage.*

"(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damages, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a non-jury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. §7361, and shall become part of the verdict decision or award."

Therefore, the rule applies only to actions for bodily injury, death or property damages and claims to recover damages for breach of a contract are not subject to the assessment of delay damages under Rule 238.

"Delay damages under Rule 238 may be awarded only in actions for bodily injury, death or property damage. The rule was promulgated to ease 'congestion and delay in the disposition of civil actions for bodily injury, death or property damages pending in the trial courts.' Explanatory note of Civil Procedural Rules Committee, 8 Pa. Admin. Bull. 2668 (1978). See also: *Landenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981); *Bucheit v. Laudenberger,* 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1981); Goodrich-Amram 2d §238.1. The rule permits a court to impose a 10 percent penalty for delay from the date of complaint to the date of verdict. Pa.R.C.P. 238(a)(1), (2). The penalty may only be imposed, however, in tort cases. The rule makes no provision for recovery of delay damages in contract cases. Indeed, the law is clear that punitive

damages are not recoverable in contract actions. See: *Daniel Adams Associates Inc. v. Rimbach Publishing Inc.*, 287 Pa. Super. 74, 429 A.2d 726 (1981); *DeLuca v. Fidelity Bank*, 282 Pa. Super. 365, 422 A.2d 1159 (1980); *Gurnick v. Government Employees Insurance Co.*, 278 Pa. Super. 437, 420 A.2d 620 (1980), overruled on other grounds. *Toll v. Toll*, 293 Pa. Super. 549, 439 A.2d 712 (1981)." *Reliance Universal Inc. of Ohio, Appellant v. Ernest Renda Contracting Co. Inc.*, 308 Pa. Super. 98, 107, 454 A.2d 39, 44 (1982). See also *JK&B Inc. v. Miller*, 23 D.&C.3d 151 (1982).

Because claims to recover damages for breach of contract are not subject to the assessment of delay damages under Rule 238, we conclude that the defendant has shown prejudice in that the damages requested by the plaintiff are improper under Rule 238 and the applicable case law. Therefore, the motion to strike subparagraph (c) of the ad damnum clauses of Count One and Count Two of the complaint is granted.

## MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR MORE SPECIFIC PLEADING[2]

In subparagraph (d) of the ad damnum clauses in Count One and Count Two of the plaintiff's complaint, the plaintiff claims "such other and further relief which the court

2. A preliminary objection in the form of a motion for a more specific pleading is available to any party in a civil action.

"The question to be decided when a preliminary objection in the form of a motion for a more specific pleading is interposed pursuant to Rule 1017(b)(3) is whether a pleading is sufficiently clear to enable an opposing party to prepare a response, or whether a pleading informs an opponent with accuracy and completeness of the specific basis on which recovery is sought so that he or she may know without question upon what grounds to make his or her

finds appropriate." The defendant argues these claims fail to comply with the law and the rules of court in that subparagraph (d) fails to set forth with adequate specificity the relief to which the plaintiff contends it is entitled. Further, the defendant argues that it is prejudiced by this general claim because it does not know what, if any, additional claims or relief the plaintiff is asserting or requesting and, therefore, is unable to adequately defend itself against such unknown claims.

Pennsylvania Rule of Civil Procedure 102(a) reads as follows:

"(a) Any pleading demanding relief shall specify the relief to which the party deems himself entitled. Relief in the alternative or of several different types, including an accounting, may be demanded."

"Courts and litigants have become enured to the common failing of plaintiffs of asking for relief beyond that to which they are entitled. *Rizzetto v. F.W. Wint Co.,* 33 D.&C.2d 515 (1963). However, a prayer for relief should not include relief which is not supported by any of the factual averments of a complaint. *AMP Inc. v. McCaughey,* 38 D.&C.2d 109 (1966)." Goodrich-Amram 2d §1021(a):1, *claim for relief, generally.*

---

defense. *Mansueti v. King,* 57 D.&C.2d 407 (1972).... A preliminary objection in the form of a motion for a more specific pleading will be upheld where a pleading does not adequately inform an opposing party of the issues he or she must meet, such as where a preliminary objection fails to conform to the specificity requirements of Rule 1028(a). *Clay v. Advanced Computer Applications Inc.,* 370 Pa. Super. 497, 536 A.2d 1375 (1988). A motion for a more specific pleading will also be upheld where an opposing party's right and ability to respond will otherwise unduly be impaired by a pleader's vagueness in stating the grounds of his or her pleading. *International Union, U.B., F., C., S.D. & D.W. v. Watkins,* 417 Pa. 120, 207 A.2d 776 (1965)." Goodrich-Amram 2d §1017(b):21, *standard for determining motion for more specific pleading.*

Defendant cites to the case of *Baird v. First Pennsylvania Bank, N.A. (No. 1)*, 1 D.&C.3d 665 (1976), for the proposition that similar language has been held insufficient under the standards set forth in Rule 1021.

"The court does not reach defendant's objection because it finds that plaintiffs have failed to comply with Pa.R.C.P. 1021. This rule requires that 'Any pleading demanding relief shall specify the relief to which the party deems himself entitled.' While it is sometimes difficult to anticipate exactly what relief will ultimately be deemed appropriate in an equity action, a party does not satisfy Rule 1021 by merely requesting 'such other equitable relief as the court deems appropriate' as plaintiffs have alleged in their complaint. Accordingly, the court will grant plaintiffs 20 days in which to file an amended complaint or the action will be certified to the law side." *Baird, supra* at 666.

Pursuant to Rule 1021, we will deny the defendant's request for a motion to strike but we will grant the defendant's request for a motion for a more specific pleading as it relates to subparagraph (d) of the ad damnum clause from Counts One and Two of the plaintiff's complaint. We, therefore, require the plaintiff to plead with adequate specificity any further relief to which it deems itself entitled.

## DEMURRER

Any party in a civil action may raise by preliminary objection a demurrer, Pa.R.C.P. 1017. A demurrer is an assertion that a pleading does not set forth a cause of action or claim on which relief can be granted, or a legally sufficient defense. *Binswanger v. Levy*, 311 Pa. Super. 41, 457 A.2d 103 (1983). "A preliminary objection in the nature of a demurrer admits every well-pleaded fact and all inferences reasonably deducible therefrom. It tests

the legal sufficiency of the challenged complaint and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief may be granted. If there is any doubt as to whether a claim for relief has been stated, the trial court should resolve it in favor of overruling the demurrer." *Creeger Brick & Building Supply Inc. v. Mid-State Bank & Trust Co.,* 385 Pa. Super. 30, 32-33, 560 A.2d 151, 152 (1989). (citations omitted)

"Further, every allegation in the plaintiff's complaint must be accepted as true." *Satchel v. Insurance Placement Facility of Pennsylvania,* 241 Pa. Super. 287, 292, 361 A.2d 375, 377 (1976). (citations omitted)

"Conclusions of law and unjustified inferences are not admitted by the pleadings. Starting from this point of reference, the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained ." *Sinn v. Burd,* 486 Pa. 146, 150, 404 A.2d 672, 674 (1979). (citations omitted)

"This standard is so rigorous that Pennsylvania courts have cautiously and reluctantly applied it to dismiss causes of action. If any error is to be made or any bias encountered, it is to be in favor of overruling the preliminary objections. 'Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.'" *Lefever v. Lancaster Leaf Tobacco Co. of Pennsylvania Inc.,* 46 D.&C.3d 421, 424 (1987). (citations omitted)

Count Three of the plaintiff's complaint allegedly sets forth a claim for bad faith. Defendant argues that Count Three fails to set forth a cognizable claim under 42 Pa.C.S. §8371, which reads as follows:

"§8371.  *Actions on insurance policies*—

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorney fees against the insurer." 1190, Feb. 7, P.L. 11, No. 6, §3, effective July 1, 1990.

This statute is crucial to plaintiff's claims for interest, attorneys' fees and punitive damages because before its passage, punitive damages were not available for an insurance company's bad-faith denial of a claim. *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 494 Pa. 501, 431 A.2d 966 (1981). At that time, plaintiffs could only raise a claim for punitive damages in such cases by asserting the common-law tort of fraud and deceit. *Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa. Super. 90, 464 A.2d 1243 (1983). Such was the state of affairs for nearly nine years after the *D'Ambarosio* decision until the legislature's enactment of 42 Pa.C.S. §8371. The legislature ascribed an effective date of July 1, 1990, to section 8371. "Section 8371 was intended to alter substantively, not procedurally, the relationship between the insured and its insurer by imposing legal responsibility for the bad faith conduct of the insurer." *Liberty Mutual Insurance Co. v. Paper Manufacturing Co.*, 753 F.Supp. 156, 159 (E.D. Pa. 1990).

Since the denial of coverage by the defendant took place on September 26, 1988, prior to the effective date of section 8371, the defendant challenges the bad-faith

claim on the basis that section 8371 may not be applied retroactively.

"Absent clear language to the contrary, statutes are to be construed to operate prospectively only. *Gehris v. PennDOT,* 471 Pa. 210, 369 A.2d 1271 (1977); Statutory Construction Act of 1972, 1 Pa.C.S. §1926. The terms of a statute allowing for retroactivity must be so clear as to preclude all questions as to the intention of the legislature.... There is no language in section 8371 which would indicate an intent for retroactive application. Instead, the language explicitly indicates that this law was to take effect nearly six months after passage. Act 6, §32(8). Thus, section 8371 provides for prospective operation by its own terms, since a statute which fixes a future day as to its effective date stamps its prospective character on its fact." *Boland v. Nationwide Mutual Insurance Co.,* 9 D.&C.4th 27, 29-30 (1991).

"Because section 8371 dramatically alters the extent of an insurance carrier's potential liability, and because the legislature did not explicitly provide that the section would apply retrospectively, the section has been uniformly held to be prospective in nature." *American Franklin Life Insurance Co. v. Galati,* 776 F.Supp. 1054, 1063 (E.D. Pa. 1991). Therefore, any alleged bad-faith practices occurring before the effective date of 42 Pa.C.S. §8371 are irrelevant and beyond the prospective reach of the statute.

Plaintiff argues that it is not asking for retroactive application of section 8371 but contends that the defendant's conduct after July 1, 1990, forms the basis for a cause of action under section 8371. According to this theory, insurers always owed to their insureds the duty to exercise reasonable care when investigating claims, even before the passage of section 8371. The defendant contends that application of section 8371 to its conduct, even that

conduct which occurred after July 1, 1990, would be a retrospective application of the law.

A cause of action accrues at that time when plaintiff could have first maintained her action to a successful result. *Kapil v. Association of Pennsylvania State Colleges & University Facilities,* 504 Pa. 92, 470 A.2d 482 (1983). Plaintiff's statutory cause of action under section 8371 in the present case thus would have accrued, if at all, upon the first instance that could be construed as bad faith[3] and by plaintiff's own admission, such time was well before the effective date of section 8371: "Penn National has proffered inconsistent and shifting justifications for its refusal to defend or to indemnify the borough under the policy as reflected in Exhibits 'C,' 'D,' 'G,' 'H,' and 'I' attached hereto." Plaintiffs complaint, paragraph 51(a). All the exhibits mentioned above transpired well before the effective date of the statute.

In the case at bar, the transactions or events that could conceivably trigger legal liability under 42 Pa.C.S. §8371 are alleged in paragraph 50 to 54 in the plaintiff's complaint and further, we can find no transaction of event with regard to the defendant's conduct after the effective date which would trigger liability under the subject statute.

---

3. "Although admittedly no case law exists relating to this particular statute, this situation may be analogized to the tolling of a statute of limitations for a breach of contract action. As has long been held by Pennsylvania courts, the tolling of the statute begins at the time of the initial breach, whether or not the breach continues throughout the trial. Therefore, we find that the denial of coverage is the action which determines whether 42 Pa.C.S. §8371 may apply in this case. Since the effective date of the statute is after Allstate's action, 42 Pa.C.S. §8371 does not apply and Count Two is dismissed with prejudice." *Wazlawick v. Allstate Insurance Co.,* 1990 U.S. District LEXIS 15986 (E.D. Pa. 1990), page 2.

Therefore, Count Three of the plaintiff's complaint fails to set forth a cognizable claim for bad faith against the defendant under Pennsylvania law, and we grant the defendant's demurrer as to Count Three.[4]

Accordingly, we enter the following order.

## ORDER

And now, August 6, 1992, upon consideration of the preliminary objections of the defendant, Pennsylvania National Mutual Casualty Insurance Co., to the complaint of the plaintiff, Dallastown Borough, it is hereby ordered:

(1) The motion to strike subparagraph (c) to the ad damnum clause in Count One and Count Two is granted;

(2) The motion to strike subparagraph (d) of the ad damnum clause in Count One and Count Two is denied but the motion for more specific pleading is granted, and plaintiff must amend the complaint to more specifically plead any further relief which it seeks;

(3) The demurrer as to Count Three of the plaintiff's complaint is granted.

If the plaintiff elects to file an amended complaint as provided for in paragraph (2) above, the plaintiff shall do so within 25 days of the date of this order. The defendant shall file an answer to the complaint or the amended complaint of the plaintiff within 45 days of the date of this order.

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.

---

4. In the alternative to the demurrer, the defendant asserts that subparagraph (b) of Count Three of the complaint must be stricken because plaintiff's claim for punitive damages in excess of $500,000 is in violation of Pa.R.C.P. 1021(b). Having granted the defendant's request for a demurrer, we will not address the motion to strike.