Freedom Oil Works Co. *v.* Williams et al.,
Appellants.

Argued October 6, 1930. Before Moschzisker, C. J.,
Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*Philip N. Shettig,* with him *John H. Stephens, J. J. Kintner* and *A. A. Nelson,* for appellants.—The contract was in restraint of trade, and required its consideration to be expressed, the seal in such case not importing consideration. The only consideration for appellant's covenant in restraint of trade, expressed in the contract, was a loan of money, to be repaid with legal interest. Without the loan, the contract is unilateral and not mutual. With the loan, repayment of principal and interest constitutes full performance. Hence, the attempt to hold appellants for damages for breach of their covenant in restraint of trade constitutes an attempt to collect usury and is contrary to law: Gompers v. Rochester, 56 Pa. 194; Muller v. Bohringer, 2 Pa. C. C. R. 144.

Even if appellee had a cause of action for alleged breach of contract, its recovery cannot stand, as it failed utterly to produce evidence that it had sustained damages by such breach, or even that the contract was of value to it: Stewart v. Turner, 72 Pa. Superior Ct. 235.

*Ray Patton Smith,* for appellee.—There is no usury: Cowgill v. Warehouse Co., 99 Pa. 289.

Damages were adequately shown by plaintiff: Weaver v. Shimer, 91 Pa. Superior Ct. 186; Lamborn v. Kirkpatrick & Co., 288 Pa. 114; Duyvis v. Street, 92 Pa. Superior Ct. 508; Fulton Farmers Assn. v. Bomberger, 262 Pa. 43; Buehler v. Fashion Plate Co., 269 Pa. 428; Pittsburgh Gauge Co. v. Valve Co., 184 Pa. 36; Stewart v. Turner, 72 Pa. Superior Ct. 235; Kent v. Kentz, 82 Pa. Superior Ct. 16; Bastian v. Glass Co., 281 Pa. 313; Bates v. Construction Co., 255 Pa. 200; Macan v. Belting Co., 264 Pa. 384; Stevenson v. Smith, 82 Pa. Superior Ct. 539.

OPINION BY MR. JUSTICE FRAZER, November 24, 1930:

Defendants obtained an option to purchase a garage in the Borough of Westmont, Cambria County, and to procure funds to finance the purchase and install the necessary tanks, pumps and equipment for the purpose of conducting a gasoline service station in connection with the garage, entered into a contract with plaintiff company, dated June 5, 1926, whereby the latter agreed to advance for the project stated a sum not to exceed $10,000, to be secured by a mortgage on the property and repaid at the rate of $100 a month with six per cent interest. In consideration for the advancement, defendants agreed to procure the necessary pumps and equipment from plaintiff under a bailment lease, and purchase from plaintiff exclusively all gasoline and oil used or sold at the service station in question for a minimum period of three years and until the loan should be fully repaid. On March 23, 1927, a supplemental agreement was entered into for an additional period of five years, in consideration of the advance by plaintiff of an additional sum of $4,000. In May, 1927, defendants sold their garage and business to William Suppes, and repaid the entire loans made by plaintiff. Suppes declined to carry out defendants' contract to sell only the products of plaintiff, whereupon the latter brought this action against defendants and Suppes jointly for breach of contract, claiming as damages the loss of profits they would have realized on the sale of gasoline and oil to defendants from the date of the breach of contract to the end of the period it had yet to run. A nonsuit was entered as to Suppes with the consent of counsel for plaintiff, and the trial resulted in a verdict against the other two defendants for $5,139.36.

Defendants deny liability under the contract alleging that the sole consideration for their agreement to purchase supplies from plaintiff was the loan of money at 6% interest, that repayment of principal and interest constituted full performance and left the contract a uni-

lateral one, without mutuality, and that an attempt to collect further damages was usurious and contrary to law. Eliminating the loan of money, the view that the contract lacked mutuality is based on the contention that, though there was an agreement by defendants to purchase the supplies from plaintiff, there was no corresponding obligation on the part of plaintiff to sell to defendants. This argument cannot be sustained. The general rule is, as stated in 13 C. J. 334, that an obligation to sell will be implied from an express obligation on the part of another to purchase. "That a contract for the sale or purchase of a commodity, the quantity to be delivered or received to be measured by the output of requirements of an established place of business, is not void for indefiniteness or lack of mutuality, is too well settled to be open to serious question": Kentucky Tobacco Products Co. v. Lucas, 5 Fed. (2d) 723, 727. In the above case it was held that a contract in which one party agreed to purchase the output of the other's factory for a period of time impliedly bound the latter to sell without express language to that effect. A similar conclusion was reached in Erie City Iron Works v. Thomas, 139 Fed. 995, where a contract by defendant to purchase bonds from plaintiff was held enforceable nothwithstanding there was no express agreement by plaintiff to sell the bonds, the court saying that under the circumstances "plaintiff's consent to sell the bonds to the defendant was to be presumed. A concurrent binding obligation to do so existed." To the same effect is Hoffman v. Maffoli, 104 Wis. 630, where the Supreme Court of Wisconsin stated the rule to be that "whenever the accepted proposition or contract is for the sale or delivery of a specific article or number of articles or a specific amount of service or materials, or where by the terms of the contract the number of such articles or the amount of such service or materials are ascertainable, a promise of the other party may be implied though not

expressed in the contract, and, hence, the engagements are mutual."

The present contract was clearly for the mutual benefit of both parties, plaintiff anticipating a profit from the sale of the gasoline and oil to defendants, and defendants, in turn, anticipating a profit from the sale of the same products to their customers. Contracts of this character are usual in this State, and, so far as we have discovered, no one has heretofore questioned the mutuality of obligations incurred by the respective parties. Under our view of the case, as expressed above, these are mutual covenants which furnish a valid consideration for the contract aside from the loan of money, and, accordingly, the argument that the contract is necessarily usurious if damages for its breach are recovered must fail. Apart from the loan, therefore, the contract was complete, mutual and sustained by ample consideration. The mere fact that one who loans money with interest is induced to do so by an independent contract relating to collateral matters does not render the loan usurious, even though the borrower would not have entered into the collateral contract except on condition that the loan be granted. A loan is not necessarily usurious by reason of its constituting part of an agreement between the parties which they regard as mutually beneficial and to which the loan is merely incidental. In other words, if, irrespective of the loan, the parties desire to enter into a contract for their mutual benefit, the mere fact that, as part of the arrangement, a loan is made from one to another at a legal rate of interest to enable him to perform his part, does not constitute usury though the contract would not have been made without the loan: Clarke v. Sheehan, 47 N. Y. 188, 194. See also 39 Cyc. 987, and cases cited in note 2. Of course if a usurious intent is shown, the transaction is illegal.

A further argument in support of defendant's motion for judment non obstante veredicto is that plaintiff

failed to produce evidence of damage suffered as a result of the breach of contract. Defendant admits there was a breach of the contract, therefore plaintiffs were entitled at least to nominal damages and a judgment n. o. v. could not be entered in this court. Moreover, the contract, which contains a paragraph as to the rate defendant should pay per gallon as damages if supplies were bought elsewhere, was offered in evidence. It is true this action was for breach of contract, but this evidence was admitted without objection and does furnish some measure to show loss. This, with the evidence showing quantities of gasoline, oil and grease sold the year before and the quantity sold by the purchaser of the garage for the year following, was unquestionably some evidence of damage sustained, and, while the measure of loss was not absolutely fixed, mathematical exactness is not always possible and consequently not required (Osterling v. Frick, 284 Pa. 397, 404) ; all that is demanded in cases of this character is such reasonable certainty that the damages may not be based merely on speculation or conjecture: Macan v. Scandinavia Belting Co., 264 Pa. 384, 393. No exception was taken to the measure of damage adopted by the trial judge in his charge to the jury, the sole argument being that no damage whatever was suffered. We are of opinion that the evidence offered is sufficient to entitle plaintiff to damages and to support the verdict.

The judgment is affirmed.