422 A.2d 1085

**Ardeth C. COYLE, Appellant,**

v.

**Reed B. COYLE.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed Oct. 3, 1980.

Reargument Denied Dec. 24, 1980.

222

William J. Murray, Pittsburgh, for appellant.

John B. Nicklas, Jr., Pittsburgh, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order awarding appellant $5,931.27 and directing appellee, appellant's former husband,

to transfer the proceeds from two certificates of deposit into a joint custodial account for the parties children.

Appellant and appellee were married on October 23, 1965, and divorced on August 19, 1977. Before the divorce became final, appellant brought several actions seeking the following relief: (1) an accounting of Christmas gifts from appellee's mother to appellant and the parties' children for the years 1974, 1975, and 1976; (2) a judgment for one–half of the total amount withdrawn by appellee from the parties' joint savings account at Iron and Glass Bank; (3) an accounting of the parties' personalty; (4) a resolution of appellant's rights to two pieces of real estate that her former father–in–law had transferred to appellee alone; and (5) a transfer of title to her of a 1974 Chevrolet Monte Carlo that appellee had purchased for her but the title to which he had for income tax purposes put in his mother's company's name. The actions were consolidated for trial. Before or during the trial, the parties settled appellant's claims on behalf of the children and to the 1974 Chevrolet Monte Carlo. In addition, the parties arrived at a settlement of all their jointly–owned personal items with the exception of a brass candle holder, a radar oven, a power lawn mower, and a small refrigerator. At the conclusion of the trial, the lower court awarded appellant half the value of these items, or $225.00. The lower court also held that appellant was entitled to one–half of a $3,000 Christmas gift from appellee's mother in 1975, and one–half the balance on the parties' joint savings account at the Iron and Glass Bank as of November 15, 1974, the date appellee changed the account to one solely in his name. The lower court calculated that this property totalled $11,412.54.[1] Appellant's award was therefore half this amount, or $5,706.27, plus $225, or a

---

1. This figure breaks down as follows:

| | | |
|---|---|---|
| 1975 Christmas gift | = | $ 3,000.00 |
| Balance of Savings Account on 11/15/74 | = | $ 8,281.71 |
| Interest on Balance | = | $ 130.83 |
| | | $11,412.54 |

total of $5,931.27. The lower court did not find any of appellant's other claims to be valid.

Appellant argues that the lower court erred in several respects, in particular, that it should have found that a confidential relationship existed between the parties and that appellee had violated his fiduciary duty to appellant; that it should have imposed a constructive trust on three $3,000 Christmas gifts that appellee's mother had given to appellee, but had intended as gifts for appellant; that it miscalculated the amount of entireties property in the parties' joint savings account; that it should have held that two pieces of real estate that were titled or partially titled in appellee's name were, in fact, entireties property since they were presents from appellee's parents; and, finally, that it should have inferred that appellee's mother would have testified adversely to appellee since she failed to appear when subpoenaed by appellant.

We have reviewed appellant's contentions and find them unpersuasive, with one exception. The lower court's opinion summarizes the facts of the case and states the applicable principles of law, and in general, we see no need to add to it.[2] Our only point of departure from the lower

2. We note that *Gallagher Estate*, 352 Pa. 476, 43 A.2d 132 (1945), which appellant has cited to us in support of her argument that she is entitled to one–half the balance in the Iron and Glass Bank account as of July 17, 1976, the date appellee withdrew all the money from the account, rather than one–half the balance as of November 15, 1974, the date appellee changed the account to one solely in his name, is distinguishable from the case before us. In *Gallagher Estate, supra,* the Supreme Court held that a husband was "without power to destroy and terminate [a joint savings account] by merely causing his wife's name to be stricken from the account." 352 Pa. at 478, 43 A.2d at 133. The Court noted that an estate by the entirety could only be destroyed or terminated by the "*joint* acts of husband and wife," 352 Pa. at 478, 43 A.2d at 133, and that in the case before it, this could not occur since the wife was insane and therefore incapable of consenting to the husband's termination of her interest in the account. 352 Pa. at 479, 43 A.2d at 133. Here, as the lower court points out, appellant was able to consent to appellee's termination of her interest in the account and did so by instituting this suit for an accounting. *See Damirgian v. Damirgian*, 262 Pa.Super. 463, 396 A.2d 1263 (1978); *Vento v. Vento*, 256 Pa.Super. 91, 389 A.2d 615 (1978).

court's opinion is in its treatment of appellant's claims for three $3,000 Christmas gifts that appellant claims appellee's mother gave to appellee intending them to be gifts to appellant.

Appellee admitted at trial that his mother gave him two $3,000 Christmas gifts, one in 1974 and the other in 1975, both of which were for appellant. N.T. 55, 56, 3/21/78. Appellee testified that he spent most of the money on premiums for a $100,000 life insurance policy that he had taken out on appellant's and the children's behalf, and that he deposited the rest of the money in his own checking account. N.T. 55–57, 3/12/78. Appellee denied that his mother had given him a third $3,000 Christmas gift for appellant in 1976. N.T. 57, 3/12/78. The lower court, which generally found appellee's testimony credible, acknowledged the 1974 and 1975 gifts in its opinion and found appellant's claim to 1976 one unsupported by the evidence. Thus the lower court should have awarded appellant $6,000, or the total of the 1974 and 1975 gifts admitted by appellee. Instead, however, the lower court awarded appellant $1,500, or one–half of the 1975 gift.[3]

Although the lower court did not address appellant's contention that the court should have inferred that appellee's mother's testimony, had she testified, would have been adverse to appellee, this contention was meritless. Appellee's mother was unavailable to testify at the time of trial because she was incapacitated in California. NT 176, 3/21/78. Moreover, appellant's counsel rejected an offer by the court to have appellee's mother testify at a later date. N.T. 153, 3/27/78. In the circumstances, the lower court did not err in not making an inference as to appellee's mother's testimony. *See e.g. Keller v. Keller,* 275 Pa.Super. 573, 578 n.2, 419 A.2d 49, 51 n.2 (1980).

3. This appears to have been an inadvertence. The lower court states that appellant in entitled to one–half of a gift from appellee's mother that was not deposited until December 30, 1975, Slip op. at 10, when, in fact, the gift the court appears to be referring to is appellee's mother's $3,000 Christmas gift to appellee, *not* her $3,000 Christmas gift to appellant. Appellee testified that he deposited *his* gift into what was formerly the parties' joint account at the Iron and Glass Bank on December 30, 1975. N.T. 60, 3/21/78. Appellant is not entitled to this gift since it was given to appellee alone. Appellant, however, is entitled to recover the $6,000 in gifts from her former mother–in–law, which appellee improperly appropriated for his own

■ Appellee's decision to spend most of the $6,000 on life insurance premiums was of no effect on appellant's right to receive the $6,000 as gifts to her. As the lower court stated, appellee's decision was arbitrary. Slip op. at 8. It is well-established that a gift to a spouse remains the property of that spouse unless he or she manifests an intention to donate it to the entireties property. *See e. g. DiFlorido v. DiFlorido*, 459 Pa. 641, 331 A.2d 174 (1975); *Uccellini v. Uccellini*, 423 Pa. 273, 223 A.2d 694 (1966). Here, there was no evidence that appellant had consented to appellee's use of a large part of the money to pay for the premiums. Plainly, appellee converted the money to his own use and appellant should be reimbursed for the $6,000 in full.

Order of the lower court affirmed except appellant is awarded an additional $4,500.

---

use. Thus the lower court awarded appellant an extra $1,500, as half of a gift to which she is not entitled, and failed to award her $6,000 as the total of two $3,000 gifts to which she is entitled. We can correct this inadvertence by simply modifying the lower court's order by adding $4,500.