476 A.2d 928

**Ardeth C. THORSEN, Appellant**

v.

**IRON AND GLASS BANK**

v.

**Reed B. COYLE, III.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1983.

Filed May 4, 1984.

A.L.R.2d 553; *see generally* Anno., Interest on amount of recovery under Federal Employers' Liability Act, 153 A.L.R. 857.

William H. Difenderfer, Pittsburgh, for appellant.

Robert W. McClure, Pittsburgh, for Iron & Glass, appellee.

John B. Nicklas, Jr., Pittsburgh, for Coyle, appellee.

Before ROWLEY, WIEAND and JOHNSON, JJ.

WIEAND, Judge:

Ardeth C. Thorsen, appellant, filed a complaint in assumpsit against Iron and Glass Bank alleging that the Bank had breached its contract when it allowed appellant's former husband to terminate an entireties savings account without notice to her. The Bank caused the former husband, Reed B. Coyle, III, to be joined as an additional defendant. Pretrial discovery disclosed that the termination of the entireties account had been the subject of prior litigation between appellant and her former husband. This litigation had resulted in an order requiring that appellant be reimbursed for one-half of the account balance on the date her former husband terminated the joint account. This amount, the record further disclosed, had been paid. Because of the prior litigation and the satisfaction of the award there made, the court entered summary judgment against appellant in the instant action. This appeal followed.

Ardeth Thorsen (then Coyle) and Reed Coyle, husband and wife, opened a joint savings account with Iron and Glass Bank on May 11, 1971. They signed a signature card which contained the following provision:

> This account shall be subject to all applicable banking laws, clearinghouse regulations, recognized banking practices and customs, the charge schedule and such reasonable rules and regulations as the Bank may make from time to time governing Savings Accounts.

The card also provided that the depositors were to own the account as tenants by the entireties, but that as a matter of convenience to the Bank, monies were subject to withdrawal upon order of either party. On November 15, 1974, Reed Coyle sought to close the account, which then contained $8,281.71, without the consent or knowledge of his wife. He requested that he be permitted to open another account in his name alone. At Coyle's request, but in derogation of the Bank's normal procedure, Bank personnel crossed off Mrs. Coyle's name from the passbook, thus permitting Coyle to continue use of the same passbook and account number. The bank altered its own records to reflect the

change, the signature card for the old account was marked "closed," and a new signature card agreement was executed by Coyle alone. Husband and wife separated on July 17, 1976. Two days later, Reed Coyle closed his account, which then contained a balance of $46,445.49. A divorce decree was entered on August 19, 1977.

Before the divorce became final, appellant commenced an action against her husband in which she sought to recover, inter alia, one-half of the account balance withdrawn by her husband on July 19, 1976. The trial court held that she could recover one-half of $8,281.71, the balance in the account on November 15, 1974, plus one-half of a gift of cash given to husband and wife jointly in 1975 and deposited into the account. The Court explained:

> [T]he operative date for purposes of computing exclusion is November 15, 1974.... It was from that day forth which defendant [Reed Coyle] ousted plaintiff from sharing in the entireties property. Similarly, it is from that date that defendant's deposits into the account were no longer intended by him to be contributions to entireties funds.

With the exception of the joint gift of cash in 1975, all deposits in the account after November 15, 1974 had been the separate property of the defendant. This Court affirmed on appeal.[1]

In the present action against the Bank, appellant once again sought to recover one-half of $46,445.49, the balance in the joint account on July 19, 1976. She alleged that if the Bank had followed its normal practices she would have become aware of the termination of her interest in the account on November 15, 1974 and would not have "detrimentally relied upon the appearance that the account remained intact and believed the joint savings had grown from $8,281.71 to $46,445.49." In addition to one-half of

---

1. *Coyle v. Coyle*, 282 Pa.Super. 221, 422 A.2d 1085 (1980) (reargument denied December 24, 1980). We affirmed but modified the award to include an additional joint gift which the trial court had inadvertently failed to include in its order.

the larger sum, less certain enumerated credits, she asked that she be awarded punitive damages.

After the pleadings had been closed and discovery completed, all parties moved for summary judgment.[2] The trial court entered summary judgment against appellant, explaining:

Since it is admitted in plaintiff's complaint that she was not aware of the closing of the account until, not only after the account was closed the first time but also the second time, there cannot possibly be any detrimental reliance by her on the further existence of the account after it was initially closed on [November 15], 1974. Even assuming for this argument a breach of contract and, indeed, that the defendant and additional defendant engaged in fraudulent and outrageous conduct, the plaintiff at no time could have changed her position as a result of such activities. Therefore, the action of the defendant in closing the account gave rise only to a claim for one-half of that account as of November 15, 1974, which matter has already been litigated and has been decided by this court and the Superior Court.

Trial Court opinion at 3–4.

A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). See also: *Rybas v. Wapner*, 311 Pa.Super. 50, 54, 457 A.2d 108, 109 (1983); *Williams v. Pilgrim Life Insurance Co.*, 306 Pa.Super. 170, 172, 452 A.2d 269, 270 (1982). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party.

2. The depositions of appellant and her former husband were not filed of record and, therefore, could not be considered in determining the motions for summary judgment. See: *Erie Indemnity Co. v. Coal Operators Casualty Co.*, 441 Pa. 261, 272 A.2d 465 (1971). The trial court's opinion makes it clear that the depositions of appellant and her former husband were not considered.

*Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 82–83, 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmerman*, 322 Pa.Super. 121, 124–125, 469 A.2d 212, 213 (1983); *Wilk v. Haus*, 313 Pa.Super. 479, 482, 460 A.2d 288, 289–290 (1983). It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Wilk v. Haus, supra*, 313 Pa.Superior Ct. at 482, 460 A.2d at 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association*, 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester*, 251 Pa.Super. 372, 378, 380 A.2d 826, 829 (1977).

■■■ If a plaintiff is able to prove a breach of contract but can show no damages flowing from the breach, the plaintiff is entitled to recover nominal damages. See: *Freedom Oil Works Co. v. Williams*, 302 Pa. 51, 56, 152 A. 741, 743 (1930); *Nemitz v. Bell Telephone Co.*, 225 Pa.Super. 202, 207, 310 A.2d 376, 379 (1973); 5 A. Corbin, *Corbin on Contracts* § 1001 (1964). A grant of summary judgment on the sole basis of absence of provable damages, therefore, is generally improper. However, "we will not ... reverse on this ground *alone* where no request was made for [nominal damages] ... and no establishment of a property right is involved." *Nemitz v. Bell Telephone Co., supra*, 225 Pa. Superior Ct. at 207, 310 A.2d at 379, quoting *Elia v. Olszewski*, 368 Pa. 578, 582, 84 A.2d 188, 191 (1951). Because appellant did not request nominal damages in the instant case, we will affirm if, as the trial court held, it is clear that appellant suffered no harm from the alleged breach.

In *Harman v. Chambers*, 358 Pa. 516, 57 A.2d 842 (1948), the Supreme Court said: "Generally speaking, the measure of damages applicable in a case of breach of contract is that the aggrieved party should be placed as nearly as possible in the same position [she] would have occupied had there

been no breach." *Id.*, 358 Pa. at 521, 57 A.2d at 845. See also: *Maxwell v. Schaefer*, 381 Pa. 13, 21, 112 A.2d 69, 73 (1955); *Ready v. Motor Sport, Inc.*, 201 Pa.Super. 528, 531, 193 A.2d 766, 768 (1963); *Emerman v. Baldwin*, 186 Pa.Super. 561, 572, 142 A.2d 440, 447 (1958); *Stephenson v. Butts*, 187 Pa.Super. 55, 60, 142 A.2d 319, 321 (1958). However, the injured party may recover only such damages as would naturally and ordinarily flow from the breach, as were reasonably foreseeable and within the contemplation of the parties at the time they made the contract, and as can be proved with reasonable certainty. *Keystone Diesel Engine Co. v. Irwin*, 411 Pa. 222, 224, 191 A.2d 376, 378 (1963), *overruled on other grounds*, *R.I. Lampus Co. v. Neville Cement Products Corp.*, 474 Pa. 199, 378 A.2d 288 (1977); *Taylor v. Kaufhold*, 368 Pa. 538, 546, 84 A.2d 347, 351 (1951).

If the Bank had been guilty of breaching the contract of deposit by terminating appellant's interest in the joint account without following established banking practices, appellant's loss would have been the value of her interest in the account at the time it was terminated. It was this amount which represented the foreseeable damages flowing from the breach of contract. It was the value of one-half of the account at the time of termination which would have returned appellant to the same position which she would have occupied if there had been no breach. The Bank could have no liability for the manner in which Coyle dealt with his separate property after the alleged breach of contract had occurred. Appellant cannot recover moneys from the Bank which belonged solely to her husband and in which she had no property right after the joint account had been closed.

The issue of appellant's damages was adjudicated in the prior action between appellant and her former husband. See: *Coyle v. Coyle, supra*. Because that issue was adjudicated in an action to which appellant was a party, the Bank could properly raise the defense of collateral estoppel. Collateral estoppel is issue oriented. It operates to prevent a question of law or an issue of fact which has once been

litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit. *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 236, 464 A.2d 1313, 1318 (1983). There is no requirement that the parties be the same. It is necessary only that the party against whom the defense is invoked be identical to or in privity with the party in the first action. *Thompson v. Karastan Rug Mills*, 228 Pa.Super. 260, 265, 323 A.2d 341, 344 (1974).

Not only had the nature and extent of the loss caused by the wrongful termination of the account been fully litigated and adjudicated in the former action, but the damages adjudicated therein had also been paid. Appellant cannot recover again in this action the same damages. She has sustained no loss.

Finally, appellant cannot recover punitive damages against the Bank. The law is clear that punitive damages are not recoverable in an action for breach of contract. *DeLuca v. Fidelity Bank*, 282 Pa.Super. 365, 368, 422 A.2d 1159, 1161 (1980); *Gurnick v. Government Employees Insurance Co.*, 278 Pa.Super. 437, 440, 420 A.2d 620, 621 (1980), *overruled on other grounds, Toll v. Toll*, 293 Pa.Super. 549, 439 A.2d 712 (1981).

The judgment is affirmed.