## Booth v. Georgiou

*Martin D. Cohen and Dwight L. Danser,* for plaintiff.

*David S. Smith,* for defendant Lehigh Waste Company.

*Matthew R. Sorrentino,* for defendant City of Bethlehem.

*William G. Ross,* for defendants George Georgiou & Terry Hahn.

FREEDBERG, *J.,* October 9, 1985—This matter is before the court on defendant Lehigh Waste Company's (Lehigh Waste) motion for summary judgment. Plaintiff's cause of action arises from a two-vehicle collision which occurred in front of premises owned by Lehigh Waste. Plaintiff was a passenger in defendant Georgiou's car at the time of the accident. Plaintiff alleges that Lehigh Waste was negligent for parking two trucks on the shoulder of the road near the scene of the accident, in that defendant Georgiou could have avoided the accident by driving his car onto the shoulder but for the Lehigh. Waste trucks which blocked that particular escape route.

The threshold which must be met to grant summary judgment is clear. A motion for summary judgment may properly be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035. If, after viewing the record in a light most favorable to the nonmoving party and resolving all doubts and inferences against the moving party plaintiff has not established a prima facie case, summary judgment is proper. Thorsen v. Iron & Glass Bank, 328 Pa. Super. 135, 476 A.2d 928 (1984).

Oral argument was heard on the matter on September 3, 1985. At that time, counsel stated that plaintiff's theory for holding Lehigh Waste liable was that Lehigh Waste negligently blocked a potential escape route. The depositions and the police report in the record clearly establish that the trucks did not block the roadway or in anyway impede the vision of either driver. We, therefore, limit our consideration to this one theory; that Lehigh Waste negligently blocked a potential escape route by parking its vehicles on the shoulder of the road.

The Lehigh Waste trucks were legally parked at the time of the accident. The deposition of Officer Gerber, the Bethlehem police officer who investigated the accident, makes it clear that the Lehigh Waste trucks were three to five feet off of the roadway, did not in anyway block the roadway, and did not violate any parking laws. No parking citations were issued as a result of this incident.

While statutory violations constitute negligence per se, the absence of statutory violation is not dispositive evidence that Lehigh waste breached no duty. Lehigh Waste's actions are still governed by a

standard of reasonable care. While there are no cases directly on point, our examination of cases concerning the location of instrumentalities under a defendant's control provides some guidance. In all of these cases, negligence was premised on the existence of a specific circumstance that made the location of the instrumentality, albeit legal, inherently dangerous. Cf. Migyanko v. Thistlethwaite, 275 Pa. Super. 500, 419 A.2d 12 (1980) (gasoline pumps located curbside of highway so that plaintiff had to stand on highway while gas was pumped); Noon v. Knavel, 234 Pa. Super. 198, 339 A.2d 545 (1975) (phone booth located on dangerous portion of an "S-curve"); Bersani v. School District of Philadelphia, 310 Pa. Super. 1, 456 A.2d 151 (1983) (home plate located too close to backstop prevented catcher from safely positioning himself); Jones v. Bell Telephone, 47 D.&C.2d 84 (1969) (phone booth located next to unilluminated raised sidewalk).

In the instant case we find that, other than the bald assertions in her pleadings, plaintiff has not made any showing of an inherently dangerous circumstance which should have alerted Lehigh Waste to the possible hazards of parking on the shoulder. The trucks were legally parked on a wide shoulder, three to five feet off of the roadway. The mere presence of the trucks without some showing of inherent danger because of their presence is insufficient as a matter of law to hold someone liable for negligence. The mere act of parking a vehicle on a shoulder of the road, without more, is not negligence. Therefore, Lehigh Waste breached no duty to plaintiff by so parking.

Plaintiff, in her brief, argues that a genuine issue of material fact exists in that a jury could conceivably find that defendant Georgiou could have avoided the accident but for the presence of the Lehigh

Waste trucks; however, this issue bears only on causation. Liability will not attach for mere causation when there is no duty owing to plaintiff which has been breached. In other words, we hold that if a jury found that defendant Georgiou could have avoided the accident but for the presence of the Lehigh Waste trucks, Lehigh Waste would still not be liable. Presence is not wrongful solely because it contributed to the causation of an accident.

Wherefore, we enter the following

### ORDER OF COURT

And now, this October 9, 1985, defendant Lehigh Waste Company's motion for summary judgment is hereby granted, there being no unresolved genuine issues of material fact, and defendant is entitled to judgement in its favor as a matter of law.