## Rieger v. Ambrose

*William P. Rieger,* pro se.
*Jack M. Gornall,* for defendant.

NYGAARD, *J.,* January 6, 1986—Plaintiff was charged with violation of Federal gambling laws. Defendant, Attorney Leonard G. Ambrose, III, represented him. Due to the strength of the government's case and the danger of exposure to I.R.S. investigation concerning the duration and scope of

the gambling operation, plaintiff entered into a stip-- ulated set of facts, reserving the right to appeal the sufficiency of the indictment. Plaintiff indicated to the court that he had read the stipulation of fact and agreed with it. The court conducted an extensive colloquy with plaintiff therein to make sure that Mr. Rieger fully understood the stipulation of facts and rights he was waiving in his jury trial waiver. Mr. Rieger, following his waiver of a jury trial, proceeded nonjury based upon the stipulated set of facts. Our distinguished federal brother, Judge Gerald J. Weber, thereafter found Mr. Rieger guilty.

After the trial, plaintiff dismissed defendant as his legal counsel and proceeded pro se. He filed a motion to vacate sentence pursuant to 28 U.S.C. §2255, alleging defendant's ineffectiveness as his basis for relief. A hearing was held on the motion in which plaintiff was represented by new legal counsel. Plaintiff offered extensive testimony regarding his allegations. However, Judge Gerald J. Weber dismissed the motion unequivocally finding plaintiff was effectively represented.

Plaintiff, unsuccessful in his attempt to persuade the federal court of his trial counsel's ineffectiveness, filed this civil action alleging negligence and breach of contract. Defendant has filed a motion for summary judgment contending plaintiff's averments of ineffective and incompetent legal representation and advice by defendant are barred by the doctrine of collateral estoppel. The central issue before this court is whether the federal court's finding of defendant's effectiveness now acts as an estoppel and bar to plaintiff's state civil cause of action. We conclude that it does and, for the reasons which follow, defendant's motion for summary judgment will be granted.

Collateral estoppel operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit. Thorsen v. Iron and Glass Bank, 328 Pa. Super. 135, 476 A.2d 928 (1984). The doctrine of collateral estoppel is based largely on the grounds of fairness and sound judicial administration, requiring that at some point litigation of a particular controversy come to an end.

The doctrine of collateral estoppel can be applied to prevent the litigation in a civil suit of questions directly placed in issue and directly decided in a prior criminal proceeding. United States v. Pennsylvania State Police, 548 Fed. Sup. 9 (1982). If the following criteria are met the doctrine applies:

"(a) The issue decided in the prior adjudication is identical with the one presented in the later action;

(b) there is a final judgment on the merits;

(c) the party against whom the doctrine is asserted is a party or in privity with the party to the other action;

(d) the party against whom it is asserted had a full and fair opportunity to litigate the issue in question in the prior action; and,

(e) the issue decided was essential to the judgment."

There was a final judgment rendered in the prior proceeding. Plaintiff appealed Judge Weber's order of December 27, 1982, dismissing his claims of ineffectiveness of counsel. The United States Circuit Court of Appeals, Third Circuit, dismissed this appeal, and certiori was denied. Plaintiff's appellate

rights have been exhausted resulting in a final judgment. Plaintiff, against whom the doctrine of collateral estoppel is asserted, was clearly a party in the prior criminal action. He certainly had a full and fair opportunity to litigate the issue of ineffectiveness of counsel in the prior proceeding. Seventy-five pages of testimony were transcribed from the hearing. Plaintiff was also represented by legal counsel. The issue of ineffectiveness of counsel was not only essential to, but was the heart of plaintiff's motion to vacate sentence in the federal court criminal proceeding.

The issues decided in the federal court adjudication are identical to the ones presented in this civil action. Plaintiff makes a blanket allegation of ineffectiveness of counsel in his complaint, which was also the basis of his motion to vacate sentence in the prior criminal proceeding. Judge Weber, in his opinion, categorically denied the allegation of ineffectiveness of counsel.

Plaintiff also makes specific allegations of ineffectiveness in his complaint. He claims defendant failed to assert available legal defenses, withheld information, failed to inform him of the contents of the presentence report, improperly advised him about waiver of a jury trial, failed to investigate the contents of the grand jury minutes, failed to advise him the stipulation of fact was essentially equivalent to a guilty plea and was not prepared.

These assertions were all addressed by Judge Weber in his opinion of December 27, 1982.

An extensive colloquy was conducted concerning plaintiff's waiver of a jury trial and the contents and effect of the stipulation of fact. During the hearing on plaintiff's motion to vacate sentence, an in-depth

examination was conducted by Judge Weber concerning the issue of withholding information and he found no information was withheld by defendant. The presentence report was available to plaintiff upon request. Defendant did conduct a proper investigation of the facts and evidence. Defendant was prepared and acted properly in basing his strategy on limiting plaintiff's exposure to I.R.S. investigation, because of the overwhelming case the government had against his client. Both the state and federal legislatures have provided to persons convicted of crimes an opportunity to second guess their counsel (28 U.S.C. §2255 et seq. and 42 Pa. C.S. §9541 et seq.). However, the doctrine of estoppel denies them a third guess.

This case is very similar to Sneade v. Kirkland, 462 Fed. Sup. 914, p. 922 (1978). Plaintiff in a civil action was barred by collateral estoppel from raising issues of ineffectiveness of counsel, where the same issues were the basis for a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, which was denied and dismissed. The court stated: "Faced with essentially the same allegations as presented in the instant complaint Judge Van Artsdalen held that the trial over which he had presided the plaintiff Arthur Sneade had received effective assistance of counsel [sic]. Thus any claim based on ineffective assistance of counsel is precluded by collateral estoppel."

Plaintiff had his "day in court." The questions were in issue and directly determined by the court in the prior criminal proceeding and may not now be relitigated in this civil action. Accordingly, the order dated January 2, 1986, was issued. This opinion is filed pursuant to the provisions of R.A.P. 1925.