## Radbill v. Chambersburg Hospital

*Monty Preiser* and *Jan G. Sulcove,* for plaintiff.
*Kevin E. Osborne,* for defendant Chambersburg Hospital.

KELLER, *P.J.,* December 8, 1986 — On January 20, 1986, plaintiffs filed an amended complaint against Chambersburg Hospital et al. in connection with the death of their infant son. The complaint contained no allegations of negligence; however, on or about January 26, 1986, in response to interrogatories, and on November 6, 1986, at oral argument, plaintiffs contended that the hospital was negligent. Their theories of recovery are apparently based on (1) the hospital's vicarious liability for the alleged negligence of Dr. Hartman, (2) the hospital's vicarious liability for the negligence of

Nurse Mirabello, (3) the hospital's negligence. On August 26, 1986, the hospital filed a motion for summary judgment on the grounds that Dr. Hartman was not a hospital employee and that his expertise was established. At oral argument, they further contended that Nurse Mirabello was irrelevant and that the corporate-negligence theory is not recognized in Pennsylvania. Since both parties agree that plaintiffs may, with leave of court, amend their complaint to include the necessary allegations, we will consider the motion for summary judgment.

A motion for summary judgment should not be granted unless "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035 (b). The court must examine the record in the light most favorable to the nonmoving party. *Thurson v. Iron and Glass Bank,* 328 Pa. Super. 135, 476 A.2d 928 (1984); and it is basic that summary judgment may be granted only in a case which is clear and free from doubt. *Rossi v. Pennsylvania State University,* 340 Pa. Super. 39, 489 A.2d 828 (1985).

Defendant's principal argument in support of the motion for summary judgment is that Dr. Hartman was not at any time here relevant an employee, agent or servant of the hospital. The hospital emphasized that Dr. Hartman was a volunteer who was not paid for his time. In the Restatement (Second) of Agency it is stated:

"Section 225 Person Serving Gratuitously. One who volunteers services without an agreement for or expectation of reward may be the servant of the one accepting the services." See also, *Jackson v. Capello,* 201 Pa. Super. 91, 191 A.2d 903 (1963); *Biedenbach v. Teague,* 22 D.&.C.2d 588 (1960), affirmed per curiam, 194 Pa. Super. 245, 166 A.2d 320 (1960). As a matter of law, a recipient of ser-

vices may be liable for the negligence of a volunteer if the recipient accepted and benefited from them. It cannot be gainsaid that the hospital accepted the services. As to benefit, the record discloses that the doctors donated their time to the hospital's program as a courtesy to the community. There was also the possibility that the lecturing doctors and the hospital would obtain patients as a result of their participation. In addition to possible benefit, the record discloses facts suggesting that the hospital may have had the authority to control the nature and content of Dr. Hartman's presentation. The hospital initiated the program; its employees structure, coordinate and retain primary responsibility for teaching. Viewing these facts in the light most favorable to the nonmoving party, we conclude that the nature of the relationship existing between the hospital and Dr. Hartman is a question of material fact subject to dispute. It should be preserved and submitted to the jury for resolution.

The nonmoving party also seeks to avoid summary judgment by contending the hospital was vicariously liable for the alleged negligence of Nurse Mirabello. At first blush it seems unlikely that a nurse would presume to correct the statements of a board-certified pediatrician, however, there are unresolved questions of fact presented surrounding the control that the hospital, through its nurses, exerted over the program. The record discloses that as a part of her regular duties the nurse was charged with the primary responsibility for running the program, that she read several SIDS articles given to her by Dr. Hartman before class, that she was present when the advice in question was given and that on other occasions she had followed up on a doctor's advice and advised students to check with their family physicians. The nonmoving party has

presented enough facts that we are not going to summarily conclude that the hospital could not be liable as a result of Nurse Mirabello's failing to correct or supplement statements made by a doctor speaking at the hospital's program.

Plaintiffs also endeavor to hold the hospital liable for its failure to make reasonable efforts to determine whether Dr. Hartman was qualified to answer questions about SIDS. On the other hand, the hospital contends that plaintiffs have attempted to state a cause of action for corporate negligence, a theory of recovery which has not been recognized in Pennsylvania. According to that theory:

"The liability of the hospital is based on its independent negligence in appointing to its medical staff a physician who is unfit or in failing to properly supervise members of its medical staff." Cause of Action Against Hospital for Negligent Selection or Supervision of Medical Staff Members, 8 COA 427, 431 (1985).

The corporate-negligence theory of liability has been recognized in 22 states but not in Pennsylvania. 8 COA 427 (1985), *Brown v. Lancaster General Hospital,* 69 Lanc. L.R. 480 (1985). Apparently, this is the cause of action stated by plaintiffs. Since we would prefer having the benefit of counsel's briefs and arguments before reaching a conclusion, we decline to express any opinion until the issue is properly before the court, as the subject of a preliminary objection in the nature of a demurrer or a motion to strike.

## ORDER OF COURT

Now, this December 8, 1986, the motion for summary judgment of defendant, Chambersburg Hospital, is denied.