## Gruver v. Intermetro Industries Corporation

*Jerome L. Cohen,* for plaintiff.
*Arthur L. Piccone,* for defendant.

TOOLE, *J.*, November 28, 1988—

## NATURE OF THE PROCEEDINGS

This matter is before the court for disposition on the motion for summary judgment filed on behalf of defendant, Intermetro Industries Corporation.

## HISTORY AND FACTS

Filed on April 9, 1986, plaintiff's complaint seeks equitable relief against Intermetro based upon Catherine Gruver's purported termination from employment with Intermetro due to reasons of age and disability. Plaintiff's complaint further alleges that Intermetro coerced her into accepting termination and 13 weeks of pay from defendant in lieu of the long-term disability payment entitled to her under the company policy. Gruver argues in her complaint that the actions of Intermetro in terminating her position were discriminatory and that, therefore, she is entitled to the long-term disability payments provided by the company policy. Specifically, Gruver's first cause of action seeks the sum of $326 monthly plus interest, costs and attorney's fees from Intermetro. Plaintiff's second cause of action seeks a declaratory judgment under 42 Pa. C.S. §7531, et

seq., and Pa.R.C.P. 1601 to 1604 against defendant as follows:

"That Intermetro's actions were both coercive and unlawful; that the alleged actions constituted unlawful discrimination; that Gruver is totally disabled pursuant to Intermetro's long-term disability coverage for its employees; and, that Intermetro is entitled to pay Gruver the sum of $326 from the date of her discharge until she reaches age 65 plus interest, costs and attorney's fees."

Intermetro filed an answer and new matter to Gruver's complaint on October 1, 1986. Gruver, thereafter, filed a reply to new matter on October 16, 1986. On September 2, 1988, Intermetro filed the motion for summary judgment that is presently before this court for disposition.

In support of the motion for summary judgment, Intermetro contends that Gruver has failed to comply with the dictates of the Pennsylvania Human Relations Act by neglecting to pursue the administrative procedures defined in the act. In other words, Intermetro maintains that since Gruver failed to file a complaint alleging discrimination under the Human Relations Act, she is now barred from pursuing common-law claims for wrongful discharge based on age discrimination in either law or equity.

In response to Intermetro's arguments for summary judgment, Gruver posits the following principles: that plaintiff's admitted failure to file a complaint with the Pennsylvania Human Relations Commission does not preclude this court from accepting subject matter jurisdiction in view of the fact that exhaustion of administrative remedies is not an iron-clad rule; and that there are genuine issues of material fact that remain unresolved including whether Gruver was coerced into giving up her

right to long-term disability payments and whether Intermetro discriminated against her based on age and/or disability.

## DISCUSSION AND LAW

Summary judgment may only be rendered if the pleadings, depositions, answer to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b). Furthermore, the court must accept as true all well-pleaded facts in the non-moving party's pleadings as well as the admissions on file, to give the non-moving party the benefit of all reasonable inferences to be drawn therefrom. Accordingly, it is not the court's function to decide issues of fact, but only to determine whether there is any issue of fact to be tried. *Thorsen v. Iron and Glass Bank,* 328 Pa. Super. 135, 476 A.2d 928 (1984).

After a careful review of the record in compliance with the language of Pa.R.C.P. 1035(b), it is the opinion of this court that entry of summary judgment in defendant's favor is both warranted and appropriate. This court is inclined to agree with Intermetro's argument that where an exclusive statutory remedy is provided, it is indeed the exclusive remedy and, therefore, no action at law is permitted. It has been established that the Pennsylvania Human Relations Act, 42 P.S. §951, which expressly provides a statutory remedy for age discrimination, is an exclusive remedy. *Watkinson v. Great Atlantic and Pacific Tea Co., Inc.,* 585 F. Supp. 879 (D.C. 1984).

A leading case in this area is *Wojciak v. Security—Peoples Trust Company,* 32 D. & C. 3d 258 (1984). Factually similar to the instant action,

Wojciak commenced suit in common pleas court for the alleged breach of an implied employment agreement. Defendant in *Wojciak* filed preliminary objections in the nature of a demurrer and, in response, plaintiff admitted that there had not been a pursuit of available statutory or administrative remedies. Instead, plaintiff had chosen to pursue an independent common-law cause of action for improper termination. In dismissing plaintiff's case, the *Wojciak* court held that the availability of federal and state administrative remedies bars a party from pursuing common-law claims for wrongful discharge based on age discrimination.

As in *Wojciak*, Gruver has admitted her failure to pursue available statutory remedies as follows: "[T]he plaintiff admits that she did not pursue an administrative claim with the Pennsylvania Human Relations commission." In view of the decision in *Wojciak, supra,* Gruver therefore is precluded from pursing common-law claims for wrongful discrimination in employment. As a result, this court is compelled to dismiss Gruver's complaint and enter summary judgment in favor of Intermetro.

Another case which held that the procedures established under the Pennsylvania Human Relations Act constitute the exclusive remedy for vindication of the right to be free from discrimination based upon age is *Bonham v. Dresser Industry Inc.,* 569 F.2d 187. In that case the court noted that:

"Pennsylvania courts would not hold that termination of an at-will employee on the basis of age gives rise to an independent common-law cause of action for breach of contract in addition to those statutory remedies. . . ." 569 F.2d at 195.

Echoing the same principles as *Bonham supra,* the court in *Pierce v. New Process Co.,* 580 F. Supp. 1543 (D.C. 1984), held that where specific statutory

remedies are provided under the Age Discrimination and Employment Act, 29 U.S.C.A. §651 et seq., and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq., a trial court would not entertain a separate common law action for wrongful discharge.

The holding of *Bonham, supra,* together with the decision in *Pierce, supra,* are persuasive and dictate the dismissal of Gruver's independent common-law action, on the basis that the sole remedy for alleged age discrimination is provided in the Pennsylvania Human Relations Act.

Accordingly, we enter the following

### ORDER

The motion for summary judgment filed on behalf of defendant, Intermetro Industries Corporation, is granted.