## Borough of West Fairview v. Hess

*Thomas E. Brenner,* for plaintiff.

*Christopher Houston,* for defendants.

HESS, *J.,* January 30, 1989 — We are asked to revisit the Borough of West Fairview and its suit instituted against former borough auditors, Peggy Hess, Donna Kindness, Vicki Judy, and Christine Zimmerman. On May 4, 1988, we dismissed plaintiff's count II on the grounds that the borough cannot pursue a contract claim against the auditors because they are public officers. See *Borough of West Fairview v. Peggy Hess, Vicki Judy, Donna Kindness, and Christine Zimmerman,* 38 Cumberland L.J. 521 (1988). Defendants have now moved for summary judgment on count I, the remaining count, contending that the auditors are protected by

official and governmental immunity. In addition, defendants assert the statute of limitations and that plaintiff failed to give defendants the requisite notice of suit. Because we previously discussed, in detail, the facts of this case, we will succinctly recapitulate them here. Defendants were elected borough auditors for various years between 1982 and 1985. They failed to discover that the borough secretary, Bonnie Kapp, an additional defendant in this suit, misappropriated $78,000 during that period. The borough filed a complaint against the auditors averring, inter alia, that the auditors negligently performed their duties by not discovering the missing funds and thereby preventing further loss.

A motion for summary judgment may properly be granted only:

"[I]f the pleadings, depositions, answers to interrogatories and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b).

It is not the court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. *Thorsen v. Iron and Glass Bank,* 328 Pa. Super. 135, 476 A.2d 928 (1984). The primary issue in this case is whether the auditors are immune from suit by the borough pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. We find that they are. Section 8541, governmental immunity generally, states:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person."

The definitional section of Chapter 85, 42 Pa.C.S. §8501, defines a governmental agency as, "Any

Commonwealth agency or any political subdivision or municipal or other local authority, or *any officer or agency of any such political subdivision or local authority.* " (emphasis supplied) Thus, the auditors, as officers, are government agencies for the purpose of the Tort Claims Act. Consequently, they cannot be personally liable for loss of property occasioned by their negligence unless an exception to immunity is applicable.

Plaintiff asserts that this case falls under the exception of paragraph 8542(b)(2), which provides that liability may be imposed when the loss is suffered as a result of "the care, custody or control of personal property of others in the possession or control of the local agency." Plaintiff's interpretation strains the aforesaid language to obtain a meaning clearly not intended. We have found no case discussing the meaning of this section in relation to an auditing function, but the plain language of the exceptions indicates that the General Assembly intended to impose liability for losses incurred when a local agency has actual physical control or the ability to control the subject property. Here, the auditors had no such control. Their function was merely to review the revenues and expenditures of the borough. It is not alleged, nor is it provided in the Borough Code, 53 P.S. §45101 et seq., that the auditors could ever possess or control borough funds. Accordingly, we find that the acts of the auditors are not subject to this exception and that they are protected by governmental immunity.

Plaintiff argues that such a finding runs afoul of the purpose for enacting the Tort Claims Act. Plaintiff contends that the act was intended to protect municipalities from suffering losses due to its acts and those of its employees and officials. According to the borough, our decision allows it to suffer a

$78,000 loss at the hands of an act that was intended to protect it. Though this argument has some appeal, the language of the Tort Claims Act is broad, such that it provides immunity regardless of who suffers the loss. It does not limit immunity as against any particular plaintiffs. Accordingly, we grant summary judgment in favor of defendants on count I, plaintiff being precluded from recovery, as a matter of law.

## ORDER OF COURT

And now, January 30, 1989, defendants' motion for summary judgment as to count I of plaintiff's complaint is granted.