BLD-300                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1619
_____

TIMOTHY J. MUCHLER,
                                    Appellant

v.

STEVE GREENWALD;
THE PUBLIC DEFENDERS OFFICE, Luzerne County;
HEAD OF PURCHASING DEPT.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-00032)
District Judge:  Honorable William J. Nealon, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 13, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: August 18, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Timothy Muchler appeals from the District Court's orders dismissing his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and denying his motion for reconsideration. Because we agree with the District Court and conclude that this appeal lacks arguable merit, we will dismiss it as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

On January 6, 2015, Muchler commenced this civil action in the United States District Court for the Middle District of Pennsylvania, naming Steve Greenwald of the Luzerne County Public Defender's Office, the Public Defender's Office, and the head of the Luzerne County Purchasing and Billing Department as Defendants (collectively, "the County Defendants"). Muchler is a state prisoner incarcerated at State Correctional Institution – Laurel Highlands.[1] Muchler's primary contention is that he remodeled the Juvenile Unit of the Luzerne County Public Defender's Office in May and June of 2014 while on pre-work release and work release, but he was never compensated for his efforts despite having "contracted this work" with the Chief Public Defender, Defendant Steve Greenwald. Muchler also alleged that he completed remodeling work in the break room of the Luzerne County Purchasing and Billing Department and was not paid for his services. Muchler sought $21,500 in compensatory damages from the County Defendants, for the work performed at the Public Defender's Office and the Purchasing and Billing Department. He also sought to recover $110,000 in punitive damages and an additional $55,000 for pain and suffering.

---

[1] Muchler was previously incarcerated at the Luzerne County Prison in Wilkes-Barre, Pennsylvania.

2

The Magistrate Judge assigned to the case screened Muchler's complaint and his amended complaint[2] pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge concluded that Muchler's complaints failed to state a claim against the County Defendants upon which relief may be granted and recommended that both be dismissed without prejudice to Muchler's right to file an amended complaint within twenty (20) days. No objections were made to the Magistrate Judge's Report and Recommendation. Upon review, the District Court agreed that Muchler's complaint, as amended, should be dismissed for failure to state a claim upon which relief could be granted. The District Court concluded, however, that granting leave to amend would be futile and, therefore, dismissed Muchler's case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Muchler filed a timely notice of appeal, as well as an amended notice of appeal. Muchler was notified that his appeal was subject to dismissal under 28 U.S.C. § 1915(e)(2) or summary affirmance pursuant to Third Circuit Local Appellate Rule 27.4 and I.O.P 10.6. Muchler was invited to submit written argument in support of his appeal, and he has done so. We have jurisdiction pursuant to 28 U.S.C. § 1291. A federal court must dismiss an action or an appeal *sua sponte* if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who

---

[2] Three days after Muchler submitted the complaint in this case, he filed a "Motion to Amend Complaint". Although labeled as a motion, the filing itself constitutes an amended complaint, as it includes more extensive information explaining how he ultimately came to do the remodeling work at the Public Defender's Office. Both the Magistrate Judge and the District Court treated this filing as an amended complaint, and we refer to it throughout this opinion as such. In making our determination under Section 1915, we have fully considered both pleadings; additional facts alleged in the amended complaint do not affect our analysis.

is immune from such relief.  Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); see also

28 U.S.C. § 1915(e)(2)(B).  An appeal may be dismissed as frivolous "where it lacks an

arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

For the reasons set forth more fully below, we conclude that the District Court properly

dismissed Muchler's complaints and denied reconsideration; thus, the appeal from these

orders lacks an arguable basis in law.

Our review of the District Court's order dismissing the complaint for failure to

state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary, as is our review of a

dismissal for lack of subject matter jurisdiction.  Allah v. Seiverling, 229 F.3d 220, 223

(3d Cir. 2000); McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006).

Although we review a denial of leave to amend for abuse of discretion, we review the

District Court's "determination that amendment would be futile" de novo.  U.S. ex rel.

Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (citing In re

Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).  The standard

for dismissal for failure to state a claim under § 1915 is the same as that applied pursuant

to Fed. R. Civ. P. 12(b)(6).  Seiverling, 229 F.3d at 223.

Accordingly, we "accept all factual allegations as true, construe the complaint in

the light most favorable to the plaintiff, and determine whether, under any reasonable

reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of

Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd.,

292 F.3d 361, 374 n.7 (3d Cir. 2002)).  To survive dismissal, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (internal citation omitted)).  While a plaintiff's "'factual allegations must be enough to raise a right to relief above the speculative level,'" Phillips, 515 F.3d at 234 (citation omitted), complaints filed pro se must be liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Here, the District Court properly concluded that Muchler failed to state a claim upon which relief could be granted because neither the complaint nor the amended complaint asserted a claim over which the District Court had jurisdiction.  At their core, the factual allegations of Muchler's pleadings make clear that Muchler is asserting a state law breach of contract claim against the County Defendants over which original jurisdiction under 28 U.S.C. §§ 1331, 1332, or 1343(a)(3) is lacking.

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 1331.  With respect to Section 1983 claims, Section 1343(a)(3) further provides that district courts have original jurisdiction over any civil action authorized by law to be commenced by any person … [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights[.]"  28 U.S.C. § 1343(a)(3).  The Magistrate Judge concluded that the complaint, as amended, sought relief for the breach of an oral employment

5

contract, which does not "rise to the level of a cognizable violation of the Fourteenth Amendment[.]" The District Court adopted this finding and held that Muchler did not properly allege that he was deprived of a federally protected right as required for a Section 1983 claim. We agree.

Although styled as a Section 1983 action, the factual allegations of Muchler's pleadings make clear that Muchler is asserting a state law breach of contract claim. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States." Morrow v. Balaski, 719 F.3d 160, 165-66 (3d Cir. 2013) (citing Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (en banc)). As the Magistrate Judge and the District Court recognized, Muchler's complaint and amended complaint are legally deficient, as neither the Constitution nor any federal law protects an individual citizen's right to avoid the type of contract dispute alleged in this matter against the County Defendants.

Having determined that Muchler failed to allege a federal claim and was asserting a state law breach of contract claim against the County Defendants, the District Court could only have exercised jurisdiction over this claim if diversity jurisdiction was properly plead. "Federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different States.'" McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332(a)(1)). With respect to the amount in controversy, "[t]he sum claimed by the plaintiff controls if the claim is apparently made

in good faith[,]" but it "must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir.1999) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938)). To determine if a claim meets the jurisdictional amount under § 1332, the court must examine what damages are recoverable under state law. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993). In circumstances where "both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." Id. However, claims for punitive damages "must be stricken from the amount in controversy" when they unavailable as a matter of law. Id.

It is clear from the face of both the complaint and the amended complaint that diversity jurisdiction is lacking here.[3] Muchler seeks approximately $21,500 in compensatory damages for the remodeling work he allegedly performed. This amount falls well below the $75,000 threshold set forth in § 1332 and dismissal was justified given that it appears to a legal certainty that the claim is really for less than the jurisdictional amount. See Dardovitch, 190 F.3d at 135. Muchler's claims for punitive

---

[3] The Magistrate Judge's reliance on the parties' residency was improper. As this Court has previously recognized, averments that parties are "residents" of their respective states, rather than "citizens" or "domiciliaries" of those states, "are jurisdictionally inadequate" for purposes of determining diversity of citizenship jurisdiction. McNair v. Synapse Grp. Inc., 672 F.3d 213, 219 n.4 (3d Cir. 2012). Moreover, the Magistrate Judge was not in a position to assess Muchler's citizenship, given his incarceration. As a general rule, "[p]risoners presumptively retain their prior citizenship" while imprisoned. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 247 (3d Cir. 2013). The complaint and the amended complaint are devoid of any allegations regarding Muchler's citizenship prior to the time he was incarcerated.

damages and damages for pain and suffering are not sufficient to meet the $75,000 jurisdictional threshold because these types of damages are not recoverable in breach of contract actions under Pennsylvania law. See, e.g., Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 402 (3d Cir. 2004) (citing Thorsen v. Iron & Glass Bank, 476 A.2d 928, 932 (Pa. Super. Ct.1984). Because these damages are unavailable to Muchler as a matter of law, they are considered "patently frivolous and without foundation" such that they need not be considered in determining the amount in controversy. See Packard, 994 F.2d at 1046.

In dismissing Muchler's complaint and his amended complaint, the District Court did not adopt the Magistrate Judge's recommendation to allow Muchler leave to amend. Rather, the District Court concluded that amendment would be futile and dismissed Muchler's claims with prejudice. Generally, before dismissing a complaint, the district court should grant leave to amend unless the court determines that amendment would be futile. Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted[,]" and the district court should apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)" in assessing futility. Id. As we have explained, Muchler has failed to allege any set of facts sufficient to support a Section 1983 claim here. Moreover, the facts do not support the exercise of diversity jurisdiction over his state law breach of contract claims. Leave to amend would have been futile in this circumstance because it is inconceivable that Muchler could allege additional facts arising out of the remodeling work he allegedly performed that would bring his claims within the original jurisdiction

of the District Court. Therefore, the District Court did not err when it dismissed Muchler's complaint and his amended complaint without granting him leave to amend.[4]

Also before the Court is Muchler's motion for appointment of counsel on appeal. Because Muchler's appeal has no arguable merit as set forth above, we deny his motion for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

Accordingly, and for the foregoing reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[4] After the District Court entered the Order dismissing Muchler's case, Muchler filed a document designated as a "Motion to Amend [the] Complaint." The document itself, however, constitutes a second amended complaint. The District Court dismissed the "motion" as moot given that the case was closed. We construe Muchler's filing as an attempt to seek reconsideration and offer yet another amended complaint. The District Court properly denied reconsideration, as this document does not allege any new facts sufficient to confer jurisdiction on the District Court.